## CONNOR v. ASHLEY.

1. MINOR.—An action commenced for a minor by a *guardian ad litem* will be treated as continued in her name after arriving at maturity, when she accepts the fruits of a judgment obtained after that time.

2. JUDGMENT—JURISDICTION—VOIDABLE—FEES.—Determination of a fee in equity without notice to parties against whom fee is chargeable is not void for lack of jurisdiction, but is only voidable. *Ex Parte Fort,* 36 S. C., 19, *distinguished from this.*

3. EQUITY.—Conduct of party ordered to pay money into Court of Equity in settling with parties outside of Court, not commended.

4. FEES.—An ATTORNEY representing a minor is entitled to fee out of funds brought into Court.

5. PRACTICE— FEES— ATTORNEY — MINOR — REFERENCE — JUDGMENT.— Where reference to determine amount of fee to be paid to attorney

for minor out of his estate in Court has been held *without notice to
parties in interest*, the proper practice is to move to set aside such
judgment, and in that case the attorney may move again for refer-
ence to fix fee, of which all parties should have notice.

Before GARY, J., Barnwell, January, 1899.   Reversed.

Action by A. B. Connor against Mary M. Ashley, H. Irene
Ashley, and Wm. A. Holman, executor of Wm. Ashley.
The Circuit decree is as follows:

"The facts of this case will appear from a statement of the
records in the cause.   On the 12th day of July, 1889, Judge
Witherspoon granted an order in the case of Mary M. Ash-
ley *et al. vs.* W. A. Holman, as executor of the last will and
testament of William Ashley, deceased, in the following
words: It appearing to the satisfaction of the Court that A.
B. Connor is entitled to a fee for professional services ren-
dered the plaintiffs in the above entitled action.   On motion
of said A. B. Connor, Esq., it is ordered, that it be referred
to G. Duncan Bellinger, Esq., master, to hear and determine
what would be a reasonable fee for said A. B. Connor for
said services.   On the 15th day of July, 1889, the master
filed his report as follows: 'Pursuant to the above order, I
have taken the testimony of two respectable attorneys of the
bar as to what would be a reasonable fee for A. B. Connor,
Esq., for professional services, and find that the sum of $500
would be such reasonable fee.'

"On July 15th, 1889, the presiding Judge granted another
order confirming said report in the following form: 'Upon
reading and filing the report of the master herein, and on
motion of Mr. Connor, it is ordered, that the same be and is
hereby confirmed.'   On the same day, Judge Witherspoon
granted another order, confirming a report of the master
recommending that it be decreed 'that said defendant pay to
said plaintiff, Mary Myrtle Ashley, who is now of age,
$1,000; to the guardian of Harriet Irene Ashley, minor,
$1,000; and that the land held by them as aforesaid be vested
in them, free of all liability to account for same and that the

defendant pay the costs of these proceedings.' The order confirming this report is as follows : 'Ordered and decreed, that said report be and hereby is confirmed, and made the order of this Court. Further ordered, that said defendant pay over said funds and the costs herein to the master within ninety (90) days from notice of the filing of this order. It is further ordered, that the parties hereto have leave to apply to the Court for any further order that may be necessary in the premises, and that out of said funds the master pay A. B. Connor, Esq., the fee for his services as reported by said master.' Subsequent to this order the executor, W. A. Holman, satisfied the claims of Mary M. Ashley and Irene Ashley by a compromise agreed upon between the said executor and the devisees, and had their claim satisfied.

"Upon this state of facts the plaintiff brings this action. When the cause was called for a hearing in the Circuit Court for Barnwell County, the defendants, M. M. Ashley, Irene Ashley and W. A. Holman, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The presiding Judge sustained the demurrer as to the defendant, Holman, and dismissed the plaintiff's complaint as to him, but overruled the demurrer as to his codefendants. Both parties appealed to Supreme Court from this order. (See case, *Connor* v. *Ashley,* 49 S. C., 478.) The Supreme Court reversed the order of the Circuit Court, sustaining the demurrer as to the defendant, W. A. Holman, and sustained so much of the order as overruled the demurrer as to his codefendants. In this case the Court says : 'While the facts alleged in the complaint do not show that he is entitled to such judgment, they nevertheless show that he is entitled to relief. The complaint charges the defendants with bringing about satisfaction of the judgment therein mentioned through collusion, in order to prevent the payment of his fee. This allegation of fraud gave the Court jurisdiction to exercise its equitable powers, and if the facts are true as alleged (upon which this Court, of course, does not express its opinion), then the satisfaction of the judg-

ment should be declared a nullity, and the plaintiff should be allowed to enforce his rights under said judgment.' From the decision of the Supreme Court it will be seen that the question left open for the Circuit Court is the question of fraud. As I construe the decision of the Supreme Court, the allegation of fraud is all that gives this Court jurisdiction, and that jurisdiction arises out of its equitable prerogative.

"In order, then, to determine this question, it will be necessary to inquire if the plaintiff has such a judgment as would give him a lien, or such an equitable or legal status that he could assert or set it up as the foundation of his claim or contention. It seems to me that the case of *Hubbard* v. *Camperdown Mills,* 25 S. C., 499, is directly in point. In the case just cited, two orders were granted by Judge Wallace, referring it to the master to inquire and report what would be a suitable fee to be paid Messrs, Wells & Orr, attorneys for the plaintiffs, for their services in this action, and also what would be a suitable fee for Messrs. T. Q. and A. H. Donaldson, attorneys for the Camperdown Mills and Hamlin Beattie as receiver. In pursuance of each of these orders, just as in the case now being tried, the master reported that he had held a reference, and from the evidence adduced he found that $2,500 would be a reasonable and proper fee for Messrs. Wells & Orr as attorneys for the plaintiff, and that $2,000 would be a reasonable and proper fee for Messrs. T. Q. and A. H. Donaldson as attorneys for the Camperdown Mills and Hamlin Beattie, receiver. Upon hearing these reports, Judge Wallace granted orders confirming the same, and directing the receiver to pay these gentlemen the amount reported as proper fees for them out of the funds in his hands as such receiver. From these orders an appeal was taken to the Supreme Court, and that Court reversed the said orders; the learned Justice who delivered the opinion of the Court, after citing authority for the position taken, availed the opportunity to say: 'But while this may be sufficient to distinguish this case from *Nimmons* v.

*Stewart*, 13 S. C., 445, we desire to take this occasion to express our dissatisfaction with so much of that case as gives countenance to the idea that a reference to ascertain the amount of a fee to be charged on a fund under the control of the Court should ever be *ex parte*. The parties interested in the fund have a right to be heard both by evidence and argument, if they so desire, before the property or the fund to which they are entitled is subrogated to a charge of any kind, and hence notice of such a reference is always necessary. The case of Nimmons v. Stewart was very imperfectly presented to the Court, and, therefore, the point as to the character of the reference may not have been given to it.' The counsel for the plaintiff recites and relies upon the case of Nimmons v. Stewart, above referred to. But from this criticism of the principle decided in that case, I cannot feel warranted in putting much stress upon it—in fact, it seems to me that it is practically overruled by the case of Hubbard v. The Camperdown Mills, just quoted.

"The plaintiff, however, contends that the order in this case not having been appealed from, that the question is now *res adjudicata,* and it is now too late to raise any objection to the orders above set forth. The case of *Ex parte Fort,* 36 S. C., settles the law to the contrary. In that case, the Supreme Court, in passing upon the effect of a similar order, uses this language: 'It is not necessary to appeal from an order fixing attorney's fees to raise the question of jurisdiction, and under the question of jurisdiction included the power of the Circuit Judge to make an order not contemplated by the action to which she was a party, without notice to her of such order.' The order of reference obtained by the plaintiff was purely *ex parte*. The defendants were not notified as to the holding of such reference, and the report of the master does not give the testimony upon which he based his conclusion nor the names of the witnesses who were before him.

"I, therefore, conclude that the plaintiff did not have such a judgment that would prevent the executor from making the settlement complained of with Mary M. Ashley and H. Irene

Ashley. And I further conclude that in making said settlement there was no fraud either in law or in morals. It is, therefore, ordered, that the complaint be dismissed."

The plaintiff excepts to this decree on the following grounds:

"I. That the Circuit Judge committed error of law in his conclusions, that the defendants, Mary M. Ashley and H. Irene Ashley, were entitled to notice of the reference held in this case under the order of Judge Witherspoon, of the date 12th day of July, 1889, directed to G. Duncan Bellinger, Esq., master, to hear and determine what would be a reasonable fee for the plaintiff in the said cause. That he should have concluded as a matter of law that Judge Witherspoon, by whom the said case was tried, and by whom all the orders herein, including the order of reference to the master and the order confirming the report of the master, had the right to fix the amount of the fee without a reference, or to refer the same to enlighten his own conscience in regard to the amount of the said fee, and that the said defendants were not entitled to notice of reference in such a case.

"II. That the Circuit Judge erred in finding as matter of fact that the defendants above named had no notice of the reference herein to ascertain the fee of the plaintiff. That he should have found that the defendants, M. M. Ashley and H. Irene Ashley, were represented at the said reference by the plaintiff, their own attorney in the said action.

"III. That the Circuit Judge committed error of law in his conclusions that the order of Judge Witherspoon, confirming the report of the master, recommending a fee to the plaintiff, from which order no appeal was taken, was not *res adjudicata.*

"IV. That the Circuit Judge committed error in his conclusions of law that Judge Witherspoon was without jurisdiction to make the final order confirming the master's report, fixing the attorney's fees, on the ground that the defendants, M. M. Ashley and H. I. Ashley, had no notice of

the said reference, and that such order was not contemplated by the action to which they were parties. That he should have found that both of the said defendants being minors at the time of the commencement of the said action and one of them being still a minor at the date of the said reference, the order to fix attorney's fees was necessarily contemplated by and incident to the equitable jurisdiction of this Court, and could not be agreed on by the contract of the parties, who were not *sui juris.*

"V. That the Circuit Judge erred in his conclusions of law that the case of Nimmons *v.* Stewart had been practically overruled by the subsequent decisions of this Court, and should have concluded and found that the principles announced in that case are still the law of this State, and that the Circuit Judge having the whole case before him, had the right to fix the fee with or without a reference, under the equitable powers of this Court.

"VI. That the Circuit Judge erred in his conclusion that the plaintiff did not have such a judgment that would prevent the executor from making the settlement complained of with M. M. Ashley and H. I. Ashley, and that said settlement did not operate as a legal fraud upon the rights of the plaintiff; whereas, he should have found that the order of Judge Witherspoon directing the fee of the plaintiff to be paid out of the said fund, directly affected the said fund, and created an equitable lien upon the same; and the settlement referred to was a direct invasion of and operated as a legal fraud upon the rights of this plaintiff, and that the question of moral fraud was not pertinent to or raised by the issues in this action."

*Mr. I. L. Tobin,* for appellant, cites: *Decree stands until set aside by direct proceedings:* 24 S. C., 398; 34 S. C., 452.

*Messrs. Patterson & Holman,* contra, cite: *This case is to be tried under issues of fraud and collusion:* 49 S. C., 478.

*Messrs. Bellinger, Townsend & O'Bannon,* also contra,

cite: *Attorney's fees are matter of contract with parties sui juris:* 6 Rich., 329; 13 Lea., 36; 25 S. C., 499; 36 S. C., 19; 32 N. J. Eq., 74; *Wright* v. *Herlong,* 16 S. C. *Judgment void for want of notice:* 50 S. C., 501; 12 Rich., 620. *Notice to attorney for party will not do here:* 46 S. C., 24.

April 11, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. For a proper understanding of the questions raised by this appeal, it will be necessary that a copy of the decree of the Circuit Judge, as set out in the "Case," together with the exceptions thereto, should be embraced in the report of this case. It seems to us that by an order of the Court, to which no objection appears to have been interposed, it was referred to the master to take and report the testimony in the case, and the case was heard by the Circuit Judge upon the testimony so taken and fully set out in the "Case." The present controversy seems to have had its origin in an action instituted by the defendants, M. M. Ashley and H. Irene Ashley, by their guardian *ad litem,* both of them then being minors, against the defendant, W. A. Holman, as executor of the last will and testament of the late Wm. Ashley, for the purpose of recovering their interests under his will. In that action the Misses Ashley were represented by A. B. Connor, the plaintiff in the present action. All the issues in that action were referred to the master, who, on the 14th July, 1889, made his report, finding that "the defendant, as executor, is due and owing to the plaintiffs $2,000, besides the lands now held by plaintiffs, under will of William Ashley, deceased, and of which they now hold possession. Wherefore, the master recommends that it be decreed that said defendant pay to said plaintiff, Mary Myrtle Ashley, who is now of age, $1,000, to the guardian of Harriet Irene Ashley, minor, $1,000, and that the land held by them as aforesaid be vested in them freed of all liability to account for same, and that the defendant pay the costs of these proceedings."

Two days prior to the making of said report an order was granted in the same case, referring it to the master to hear and determine what would be a reasonable fee for said A. B. Connor for his professional services in representing the Misses Ashley, plaintiffs, in that case.   On the 13th of July, 1889, the master made his report, finding upon "the testimony of two reputable attorneys of this bar" that the sum of $500 would be a reasonable fee.   On the 15th of July, 1889, an order was granted by his Honor, Judge Witherspoon, confirming said report; and on the same day Judge Witherspoon granted another order confirming the report of the master, bearing date the 14th of July, 1889, finding "the amount due to the plaintiffs in that case, the Misses Ashley, by the defendant therein, W. A. Holman, and requiring said defendant to pay over said funds and costs herein to the master within ninety days from the notice of the filing of this order;" and further ordering "that the parties hereto have leave to apply to the Court for any further order that may be necessary in the premises, and that out of said funds the master pay A. B. Connor, Esq., the fee for his services as reported by said master."   It must be kept in mind that all these orders were made in the case of M. M. Ashley and H. Irene Ashley against W. A. Holman, as executor of the will of Wm. Ashley, deceased, to which all these parties appear to have been regularly made parties, at least nothing to the contrary appears.   The only point made in reference to this matter being that, as M. M. Ashley had attained full age before any of these orders were passed, some proceeding was necessary in order to bring her before the Court in her capacity as a person *sui juris*.   We do not understand that any such proceeding was necessary in a case like this, for, as we held in *Shuttlesworth* v. *Hughey*, 6 Rich., 329, where an infant brings an action by *prochein amy* under the old practice (now by guardian *ad litem*), and pending such action the infant attains the age of twenty-one years, the action is not thereby abated, but may be continued, if the infant elects in her own name, without the necessity of

any amendment of the proceedings—a mere suggestion of the fact entered on the record would be .sufficient; and whereas, in this case the infant after attaining full age receives the fruits of the judgment entered after that time, as it is apparent this lady did do, this is sufficient to manifest her election to proceed with the action.

Those orders having been made in a case of which the Court had unquestionable jurisdiction of the subject matter, as well as of the parties, and disclosing no infirmity on their face, cannot be regarded as void, but, at most, only voidable, and are binding on all the parties to the action until set aside by direct proceeding for that purpose. *Crocker* v. *Allen,* 34 S. C., 452, and other cases therein cited. While, therefore, the order of Judge Witherspoon confirming the report of the referee, fixing the amount of the fee of the plaintiff herein for his professional services to the Misses Ashley in the case brought by them against W. A. Holman, as executor as aforesaid, was, no doubt, erroneous (*Hubbard* v. *Camperdown Mills,* 25 S. C., 496), yet it was not void for lack of jurisdiction, and there was error in so regarding it. The case of *Ex parte Fort,* 36 S. C., 19, is not applicable to this case, for the reason that in that case Mrs. Fort, when she became a party to the case of Boyd *v.* Lee, was a person *sui juris;* and, therefore, the fee to which the counsel who represented her was entitled, was a matter of contract either express or implied, and the Court had no authority to adjudicate the question as to the amount of such fee by a reference under an order granted in the case, in which counsel claimed to have represented her. Here, however, the Misses Ashley were not *sui juris,* when the case of Ashley *v.* Holman, as executor, was commenced, but were minors, incapable of contracting, and the fee of Mr. Connor, who it is conceded did represent them in that case, was not and could not have been a matter of contract, and must, therefore, be ascertained in the universally accepted mode of proceeding in such a case, to wit: by a reference under an order in that cause, of which, however, as we have said, they

were entitled to notice. The fact that one of these young ladies, Miss M. M. Ashley, had attained the age of twenty-one years before any of these orders were granted, cannot, as we have seen, affect the question, especially in view of the fact that the record shows that the order confirming the report of the master establishing the amount due to the Misses Ashley by Mr. Holman, as executor, was taken, "on motion of Mr. Connor;" and the undisputed fact is that Miss M. M. Ashley has accepted the fruits of that order obtained by Mr. Connor as her attorney. There can be no doubt that Mr. Holman had notice of the order of Judge Witherspoon, requiring him to pay to the master the sum of $2,000, found to be due by him to the Misses Ashley, and requiring the master to pay the fee of Mr. Connor out of said sum, for it was an order granted in a case to which he was a party, and of which he was bound to take notice; and in addition to this he says in his testimony: "Mr. Connor, as the attorney of said parties (referring to the Misses Ashley), did obtain a judgment against me as executor for $2,000, and I was ordered to pay the money into the master's hands within ninety days from the date of said order. I was unable at that time to pay in cash to the master $2,000 and the costs, as I was directed to do by said order, and after that time I paid the costs to Mr. Connor, as I was directed to do by the order, and succeeded in giving Mamie M. Ashley and Irene Ashley full satisfaction as to their claims against me." Mr. Tobin says in his testimony that Mr. Holman, in speaking of this settlement with the Misses Ashley, "outside of the Court," said: "I would not have done that if Connor had made a reasonable charge for his services; he wanted $500 for his fee, which I didn't consider that he was entitled to, and I didn't intend, if I could prevent it, to allow him to impose upon these young ladies." This testimony was not denied by Mr. Holman, when he was afterwards examined as a witness.

This conduct of Mr. Holman, in utter disregard of an order of the Court in a cause to which he was a party, however commendable may have been its motive, and this we

316            CONNOR *v.* ASHLEY.

fully concede to him, cannot receive the sanction of this Court.

There can be no doubt that the plaintiff is entitled to a reasonable fee for his professional services as attorney for the Misses Ashley, in the case of Ashley *v.* Holman, as executor, which he seems to have prosecuted to a successful result. Indeed, this seems to be conceded. The real controversy is as to the amount of such fee. It is true that this amount was established by a judgment which on its face appears to be legal and valid, which must stand until set aside by a proper proceeding for that purpose, and, therefore, the judgment of the Circuit Court holding otherwise must be reversed. Yet, as it has been made to appear in this case that such judgment was based upon a reference held by the master without notice to the parties interested, who, therefore, have not yet had an opportunity to be heard as to what amount would be a reasonable fee which they ought to have, it seems to us that the judgment now appealed from should be reversed, without prejudice to the rights of the defendants herein, to institute proper proceedings to set aside the judgment rendered by Judge Witherspoon, fixing the amount of $500 as a reasonable fee for the professional services rendered by Mr. Connor to the Misses Ashley, in the case of Ashley *v.* Holman; and if said judgment shall be set aside, then the plaintiff herein shall have leave to obtain another order of reference to the master, to inquire and report what would be a reasonable fee to allow Mr. Connor for his professional services, in the case of Ashley *v.* Holman, of which reference all parties interested must have due notice.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, without prejudice to defendants, as hereinabove explained.