Pecos & Northern Texas Railway Company v. Mrs. A. Blasengame.

Decided February 17, 1906.

**1.—Injuries to Minor—Acquiescence in Employment—Emancipation.**

In a suit by a widow for injuries to her minor son an answer alleging that the plaintiff consented and acquiesced in the employment of her son by defendant, and that plaintiff had emancipated her said son, constituted a proper defense, and it was error to strike out the same on exception.

**2.—Same—Proper Plaintiff.**

Where a parent has emancipated a minor son, such son, and not the parent, is the owner of a claim for personal injuries.

**3.—Leading Question.**

The question, "State whether or not you ever gave to the defendant authority or consent for them to employ your son as hostler helper," may be objectionable as leading.

**4.—Abandoned Pleadings—Evidence.**

Abandoned pleadings, being in the nature of admissions against interest, are competent evidence.

**5.—Discovered Peril—Charge.**

Where the pleading and the evidence raise the issue of discovered peril it is immaterial to the defendant whether the injury to the plaintiff resulted from the failure of an employe to make proper effort to avoid the danger, or through the incompetency of said employe, and the defendant has no ground for complaint of a charge which authorized a verdict for plaintiff if defendant's employe failed to exercise proper and reasonable care and diligence to use all reasonable means within his power to avoid the injury.

**6.—Injury to Minor—Parent—Measure of Damage.**

In estimating a parent's loss by reason of injuries to her minor son the jury would be authorized to consider his earning capacity in any employment for which he is fitted, and this is a question for the jury.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*J. W. Terry* and *Madden & Trulove,* for appellant.

*D. B. Hill, C. B. Reeder* and *H. H. Cooper,* for appellee.

SPEER, Associate Justice.—Appellee, a widow, sued appellant for damages resulting from injuries to her minor son, Leon Maupin, and from a judgment in her favor for the sum of $1,137.50 this appeal has been perfected. The first and fourth special answers, which were stricken out on special exceptions, presented respectively the issues of appellee's knowingly consenting to and acquiescing in her son's employment by appellant, and his emancipation.

These were proper defenses in the case and were fully and fairly pleaded. If appellee's son, by reason of his minority and experience in the work to which he was assigned, received injuries proximately resulting from such immaturity of years and lack of experience, then clearly the mother's consent to such employment would bar her right to a recovery. We will not stop to consider whether or not this ruling

was harmless because evidence upon the issue thus made seems to have been admitted, since other errors call for a reversal of the cause, and on another trial appellant should be allowed the full benefit of its affirmative plea in this respect.

Again, under the authorities it is not doubted that if appellee had completely emancipated her son, he and not she would own the cause of action herein asserted, and the fourth special answer setting up such fact was improperly stricken out. (Texas & Pac. Ry. Co. v. Morin, 66 Texas, 225; Schuster v. Bauman Jewelry Co., 79 Texas, 179; Morris v. Kasling, 79 Texas, 141; Washington v. Washington, 31 S. W. Rep., 88; Granrud v. Rea, 24 Texas Civ. App., 300.)

On another trial the question propounded to appellee and complained of in appellant's fourth assignment of error, should be so framed as to be not leading. In the opinion of the writer, under the authorities it may be open to that objection, the question being, "State whether or not you ever gave to the Pecos & Northern Texas Railway Company authority or consent for them to employ Leon Maupin as hostler helper?" (Galveston, H. & S. A. Ry. Co. v. Duelin, 86 Texas, 450; Bergen v. Producers' Marble Yard, 72 ·Texas, 53; Buford v. Bostick, 58 Texas, 63; Ft. Worth & R. G. R. R. Co. v. Jones, 12 Texas Ct. Rep., 177.)

The trial court should have admitted the testimony of H. H. Wallace and appellee's original petition in her suit for divorce when offered, because in such petition, which was shown to have been prepared by the witness Wallace as her counsel, the age of Leon Maupin was stated, and as alleged there was a variance between her then statement and her contention upon that point at this trial. The objection sustained appears to have been that it was "not shown to be such admission as would · bind the plaintiff" and was "incompetent testimony in this case." It is now too well settled to admit of controversy that abandoned pleadings containing relevant statements are admissible in evidence as being in the nature of admissions against interest. It is immaterial, as we have heretofore held, that such pleadings are not signed or sworn to by the party himself. (Barrett v. Featherstone, 89 Texas, 567; Texas & Pac. Ry. Co. v. Coggin, 8 Texas Ct. Rep., 939; Galloway v. San Antonio & G. Ry., 78 S. W. Rep., 32.)

The first paragraph of the court's charge is objected to because not "responsive to the pleadings and the evidence," but we think the issue of discovered peril was clearly made by the pleadings, and this is the issue submitted in the first paragraph. It is not contended that the evidence did not raise such issue. It is immaterial, so far as appellant is concerned, whether the failure to avoid injury to Leon Maupin, after the discovery of his perilous position, was due to Neal Wright's failure to make proper effort to avoid such danger, or to his failure to prevent the injury "through incompetency," as requested in appellant's special charge No. 3. The company would be liable under the pleadings in either event, and appellant has lost nothing by the court's authorizing a judgment for appellee if said Wright "failed to exercise proper and reasonable care and diligence to use all reasonable means within his power to avoid injuring the said Maupin," etc. For this reason the third special charge was properly refused. If appellant was liable upon this score, it is immaterial that the charge ignored .the question of ap-

pellee's consenting to such employment. The appellant would be liable irrespective of appellee's consent to her son's employment in a hazardous work.

The second paragraph of the charge is: "If you believe from the evidence that the said Leon Maupin was required in the discharge of his duties as assistant hostler to ride upon the pilot of engines, or that the defendant knowingly permitted him so to do; and if you further believe that the defendant permitted a nail or spike to be driven into and left protruding from a crossbeam or slat of said pilot, and that said nail or spike, if any, so placed rendered said pilot unsafe for the said Leon Maupin to ride upon in performing his duties as assistant hostler; and if you further believe that the same constituted negligence on the part of said defendant, as negligence is defined in these instructions, and that said negligence, if any, was the proximate cause of the injury, if any, to the said Leon Maupin; and if you further believe from the evidence that at the time of said injury, if any, the said Leon Maupin was under the age of twenty-one years, then you will find for the plaintiff." This is alleged to be erroneous, in that it authorizes a finding for appellee if the jury found that appellant knowingly permitted Leon Maupin to ride on the pilots of engines regardless of instructions or warnings given him, and without reference to appellee's knowledge or consent to his being so employed, and regardless of his own contributory negligence and appellant's knowledge of his minority. The charge is at least subject to the criticism that it authorizes a recovery irrespective of Leon Maupin's contributory negligence. The other criticisms seem to be without merit. It would follow from this that the third paragraph referring to the first and second, is necessarily erroneous. The court's charge on the measure of damage is correct, and the requested charge which he refused is incorrect. In estimating appellee's loss by reason of her son's injuries, the jury would be authorized to consider his earning capacity in any employment for which he is fitted, and what that employment is, is peculiarly a question for the jury and not for the court.

The question of repetition of charges brought about by giving supplemental charge in lieu of special charge No. 1 asked by appellee, can hardly arise on another trial and we do not decide it. Appellant's special charges 1 and 7 were properly refused because, if for no other reason, they exclude appellee's right to recover upon the issue of discovered peril.

On another trial the issue of Leon Maupin's contributory negligence should be distinctly submitted as is suggested in the nineteenth assignment of error.

This we believe disposes of all issues arising upon assignments of error, and for the errors discussed the judgment of the District Court is reversed and the cause remanded for another trial.

*Reversed and remanded.*