7517

## SEIGLER v. SOUTHERN RY.

1. AMENDING PLEADINGS—GUARDIAN AD LITEM—MINOR.—A Circuit Judge during trial may grant a motion to have an order appointing a guardian *ad litem* signed by the clerk then *nunc pro tunc* or he may grant a motion to strike from the complaint all allegations referring to the minority of plaintiff and appointment of guardian if minor has arrived at his majority, which is the better practice.

2. CAPACITY TO SUE—MINOR.—Answering the allegation of appointment of guardian *ad litem* by saying defendant has no knowledge or information sufficient to form a belief, does not put in issue plaintiff's capacity to sue.

Before SHIPP, J., Greenwood, Fall Term, 1909. Reversed.

Action by Thomas Seigler by *guardian ad litem* against Southern Ry. Co. From order refusing motion to amend, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: 6 S. C., 126; 17 S. C., 481; 59 S. C., 81; 83 S. C., 530.

*Messrs. Cothran, Dean & Cothran,* contra. Oral argument.

March 22, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. During the progress of the trial in the Circuit Court, plaintiff's attorney announced that he had found that the order appointing the guardian *ad litem* for plaintiff, who was not of age when the action was commenced, had, by some oversight, not been signed by the clerk, and asked leave to have the clerk sign it *nunc pro tunc;* and, failing in that, he asked leave to amend his complaint, by striking out the allegation of plaintiff's minority and the

appointment of a guardian *ad litem,* and to continue the action in the name of the plaintiff, as he was then of age.

The presiding Judge refused both motions, in a formal order, in which he says that he would have granted one or the other, if he had had the power to do so.

Under the liberal provisions of sections 194 and 195 of the Code, as to the allowance of amendments, there can be no doubt that the Court had the power to grant either motion, and should have done so. *Boyce* v. *Lake,* 17 S. C., 481. As the plaintiff had become of age since the commencement of the action, the proper method of procedure was to strike from the complaint the allegation as to his nonage and the appointment of a guardian *ad litem,* and continue the action in his own name.

Moreover, the plaintiff's capacity to sue was not in issue. As to the allegation of the appointment of a guardian *ad litem,* the answer was "that the defendant has no knowledge or information sufficient to form a belief." In *Steamship Co.* v. *Rodgers,* 21 S. C., 27, it was held, "this is only one of the modes of making a general denial," and such a denial does not put in issue the plaintiff's capacity to sue. *Blackwell* v. *Mortgage Co.,* 65 S. C., 116, 43 S. E., 395, and the cases cited.

Reversed.