## WEBB v. HARRIS.

No. 1378. Opinion Filed January 9, 1912.

Rehearing Denied March 12, 1912.

(121 Pac. 1082.)

1. INFANTS—Action for Services—Defenses—Evidence. Where for two seasons defendant had contracted with an infant, paying him the proceeds of his labor, and during the third season likewise contracted, with the knowledge, consent, and assistance of the infant's widowed mother, to pay the infant for labor to be performed during the summer of 1907, and throughout that season paid to such infant checks in various amounts, the defendant will not be permitted, in an action by the infant to recover the balance due him, to deny the emancipation of the infant by the parent.

2. SAME—Contracts—Disaffirmance. In this state, with certain statutory exceptions, an infant has the power to contract in the same manner as an adult, subject to his personal privilege of disaffirmance.

3. SAME—Review—Action by Attorney. In an action prosecuted by an infant plaintiff by next friend, during the pendency of which action plaintiff attains his majority, the plaintiff, if he desires, may then continue the action in his own name. The prosecution of an action by next friend is a protective shield thrown round the infant; and an objection in a motion for new trial, and in the assignments of error against such change in style, will not be considered on appeal to this court.

(Syllabus by Sharp, C.)

*Error from District Court, Oklahoma County;*
*R. H. Loofbourrow, Judge.*

Action by Don L. Harris against J. W. Webb. Judgment for plaintiff, and defendant brings error. Affirmed.

*S. A. Horton,* for plaintiff in error.

*Wm. P. Harper* and *A. B. Honnold,* for defendant in error.

Opinion by SHARP, C. This action for the recovery of $90, alleged to be the remainder due on a labor contract, was originally brought in the justice court of Oklahoma township,

where judgment was rendered for plaintiff, from which judgment the defendant, on July 31, 1907, appealed to the district court.

During the trial, upon the objection by defendant that the pleadings of plaintiff failed to show whether or not the action was being prosecuted on "contract," a trial amendment thereto was by the plaintiff filed, in which the style by which plaintiff was designated in the justice court and on appeal to the district court was changed from "Don L. Harris, by Mary J. Harris, his next friend," to "Don L. Harris"; the plaintiff having, prior to the action in the district court, attained his majority. At the conclusion of plaintiff's testimony, defendant moved to dismiss the action, for the reason that it should have been prosecuted by Mary J. Harris, the mother of plaintiff, and not by Don L. Harris, by next friend, on the ground that the contract, if any there was, was necessarily made with her; that the wages would be payable to her; and that she alone could prosecute the action. In defendant's motion for new trial, judgment having been rendered for plaintiff in the sum of $77.15, defendant for the first time objected to "the change in style of the action," and that it was error for the court to permit the dropping out of the next friend and suing in his own capacity to recover a judgment against defendant. It will therefore be necessary for us to pass upon three questions: (1) Was there sufficient evidence of plaintiff's emancipation? (2) Was plaintiff capable of making and enforcing a labor contract made by him with defendant? (3) Did the change in style, with or without timely objection by defendant, affect plaintiff's recovery?

1. We think the testimony conclusively establishes the emancipation of plaintiff by his mother. Having for several years dealt with plaintiff in his own capacity, with the full knowledge, consent, and assistance of the mother, defendant is estopped to now deny plaintiff's emancipation. The emancipation of an infant is a question of fact, decided by the jury, in this instance, in favor of plaintiff.

In *Crowley v. Crowley*, 72 N. H. 241, 56 Atl. 950, it is said:

"Whether a father consented to allow his son his earnings for his own benefit is a question of fact."

In *Bristor v. Chicago, etc., Ry. Co.*, 128 Iowa, 479, 104 N. W. 487, it is said:

"A father's emancipation of his son before arriving of age may be by parol, in writing, or may be proved by circumstantial evidence, or implied from their conduct."

In *Brosius v. Barker*, 154 Mo. App. 657, 136 S. W. 18, it is said:

"Emancipation need not be evidenced by any formally executed instrument, or by any record act, but is a question of fact which may be proven from circumstances; and direct proof is not required, but it is never presumed."

In *Abeles v. Bransfield*, 19 Kan. 16, it is said:

"Where a mother, who is the only surviving parent of a minor son, commences an action in her son's name as his next friend, and sets forth in her petition a cause of action for injuries to the person of her son, and also sets forth loss of time by her son on account of such injuries, and also expenses incurred by her son in regaining his health from such injuries, and asks judgment for her son for damages accruing on account of such loss of time and expenses, compensation for such loss of time and expenses may be recovered in such action, notwithstanding it may be shown that the mother has never relinquished to her son his time or services in any manner, except by the commencement and prosecution of such action."

2. By section 4911, Comp. Laws 1909, the parent is given the right to relinquish to the child full rights to his earnings. Under sections 5035 and 5036, the infant is given, with certain exceptions, the power to contract, subject to his own personal right of disaffirmance. Unquestionably plaintiff had the right to contract for personal services; there is no evidence of a revocation by the mother of his emancipation, and defendant, having had the benefit of plaintiff's services upon the terms of his own contract, will not now be heard to say that he will not pay for them. Disaffirmance by an infant is a privilege personal to the minor, who, in this case, has decided to affirm the contract made during minority and rightfully hold the defendant to his agreement.

3. We think the "change of style," as it is termed by plaintiff in error, is not error. The case originally brought by the minor by next friend was his action. This is only a shield for the protection of the minor's interests, owing to his infancy. The action was docketed in the district court in the same form as instituted in the justice court. Prior to the trial in the district court, plaintiff became 21; therefore it was eminently proper in the trial amendment to eliminate the "next friend," and continue the action in his own name, and the judgment written in accordance therewith is valid. It cannot be controverted that, in an action by the next friend on behalf of an infant, the *infant* is the party to the action. *Williams v. Ritchey,* 3 Dill. 406, Fed. Cas. No. 17,734. It is too late, after judgment, for the defendant for the first time .to make objection to such irregularity, if one it be. .

In *Smart et al v. Haring,* 14 Hun. (N. Y.) 276, it is said:

"Where the plaintiff, at the time of commencing an action, is an infant, but arrives at full age before the trial thereof, the omission to procure the appointment of a guardian *ad litem* for him is a mere irregularity, which the defendant waives by pleading to the merits."

In *Bernard v. Pittsburgh Coal Co.,* 137 Mich. 279, 100 N. W. 396, it is said:

"Where a suit is brought by a minor, by his father as next friend, the minor, on arriving at his majority, may, at his election, assume the prosecution in his individual capacity."

In *Germain v. Sheehan,* 25 Minn. 338, it is held that an objection, like that made in this case in the assignments of error, "that the plaintiff was a minor at the time suit was brought" is immaterial; that there is no presumption that such disability continues during the pendency of the action. In this case, it is said:

"An issue raised by *answer,* 'that the plaintiff was an infant at the commencement of the action,' and a special finding 'that the plaintiff was not 21 years of age when the action was commenced,' are both immaterial."

In *Woodman v. Rowe,* 59 N. H. 453, it is said in the syllabus:

"In a suit brought by an infant, *not by his guardian or next friend,* when the plaintiff has become of age since the commencement of the suit, no amendment and no appearance of a guardian or next friend are necessary to obviate the objection that the suit was improperly brought."

In *Connor v. Ashley,* 57 S. C. 305, 35 S. E. 546, it is said:

"Action by an infant by guardian *ad litem* does not abate by the infant coming of age pending it, but may, without any amendment, be continued by the infant electing to proceed with the action; and her election is sufficiently shown by the infant receiving the fruits of the judgment, entered after she came of age."

To the same effect are the following cases: *Corbett v. Metropolitan Life Ins. Co.,* 37 App. Div. 152, 55 N. Y. Supp. 775; *Renfro v. Metropolitan Life Ins. Co.,* 148 Mo. App. 258, 129 S. W. 444; *Seigler v. Southern Ry. Co.,* 85 S. C. 345, 67 S. E. 296; *Pecos, etc., Ry. Co. v. Blasengame,* 42 Tex. Civ. App. 66, 93 S. W. 187; *Shuttlesworth v. Hughey,* 6 Rich. (S. C.) 329, 60 Am. Dec. 130; *Mitchell v. Berry,* 58 Ky. 602; *Woodman v. Rowe,* 59 N. H. 453; *Rutter v. Puckhofer,* 22 N. Y. Super. Ct. 638; *Hicks v. Beam,* 112 N. C. 642, 17 S. E. 490, 34 Am. St. Rep. 521.

The judgment of the trial court should, in all things, be affirmed.

By the Court: It is so ordered.