# No. 26405

**John Sam Antonopoulos, a Minor, who proceeds by his next friend and natural guardian, his father, Sam J. Antonopoulos, and Sam J. Antonopoulos, individually v. Town of Telluride, a Colorado municipal corporation, Everett Morrow and Bob Maestes**

(532 P.2d 346)

Decided February 10, 1975.

394

Golden, Mumby and Summers, James Golden, for plaintiffs-appellants.

Overholser, Slee and Brown, John W. Overholser, for defendants and third party plaintiffs-appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal from an order of the District Court of San Miguel County granting the defendants' motion for a summary judgment. John Sam Antonopoulos, a minor, by his father and next friend, Sam J. Antonopoulos, plaintiffs-appellants, instituted this suit against Telluride, a municipal corporation, and Everett Morrow and Bob Maestes, two of its peace officers, defendants-appellees, to recover damages for personal injuries sustained by the minor in a one-car accident. Sam J. Antonopoulos, owner of the automobile driven by the minor, joined a claim for damages to his automobile resulting from the accident.

The claims against the individual peace officers were based upon the alleged negligence of the officers in releasing the minor in a drunken condition, knowing that he was going to drive the automobile. The causes of action against the Town were predicated on the Colorado Governmental Immunity Act, 1971 Perm. Supp., C.R.S. 1963, 130-11-1, *et seq.*[1] and upon 1971 Perm. Supp., C.R.S. 1963, 99-2-12,[2] which makes the governmental

---

[1]Now section 24-10-101, *et seq.*, C.R.S. 1973.
[2]Now section 29-5-111, C.R.S. 1973.

entities of this state indemnitors of their peace officers who incur liability for torts committed within the scope of their employment.

The trial court granted a summary judgment against *all* of the plaintiffs' claims on the basis of 1971 Perm. Supp., C.R.S. 1963, 130-11-9(1) which reads:

"Any person claiming to have suffered an injury by a public entity or an employee thereof, while in the course of such employment, shall file a written notice as provided in this section within ninety days after the date of the discovery of the injury. Substantial compliance with the notice provisions of this section shall be a condition precedent to any article, and failure of substantial compliance shall be a complete defense to any such action."

We agree with the trial court's holding as it applies to the claim of Sam J. Antonopoulos against the Town of Telluride which was based on the Immunity Act. However, we disagree with its ruling as it pertains to his claim against the peace officers as individuals and the Town as their indemnitor. Nor do we agree with the court's ruling as it applies to the claims of the minor against the Town and the peace officers.

On July 4, 1972, the Town of Telluride was experiencing the jubilant festivities which typically occur on this holiday of national independence. While attending their peace-keeping functions, Town Marshall Everett Morrow and Deputy Marshall Bob Maestes arrested John Sam Antonopoulos for violating the Telluride ordinance prohibiting public intoxication. Antonopoulos was taken to the Telluride jail by the marshalls and booked for this offense. Despite these initial procedures and Antonopoulos' condition, Antonopoulos was not incarcerated, but rather, was released from custody and allegedly instructed "to leave the Town of Telluride."

Antonopoulos left Telluride immediately and was approximately three miles west of town when the car he was driving was involved in an accident. As a result of this accident, Antonopoulos suffered severe bodily injury requiring fifteen days of hospitalization.

As stated above, the plaintiffs instituted an action against the

Town of Telluride and its employees, the arresting marshalls, for damages sustained to Antonopoulos and the automobile which he was driving. Liability was premised primarily upon the alleged negligence of the marshalls and the Town under the Immunity Act as well as the Town's responsibility as an indemnitor under the Liability of Peace Officers Act, 1971 Perm. Supp., C.R.S. 1963, 99-2-12. In an effort to comply with the 90-day notice provisions of the Immunity Act (1971 Perm. Supp., C.R.S. 1963, 130-11-9), on October 20, 1972, the plaintiffs sent a notice to the Town of Telluride of their intent to sue. This notice was received by the defendant Town on Tuesday, October 24, 1972. By the plaintiff's own calculation, there was a lapse of 110 days between the accident and receipt of notice.

The defendants moved the trial court for a summary judgment on the ground that the action was barred by the plaintiffs' failure to comply with section 130-11-9(1). In opposition to this motion, the plaintiffs argued that Antonopoulos was excused from compliance with this provision since he was under the dual disabilities of minority and mental and physical incapacity. The minor plaintiff relied upon his affidavit alleging that as a result of the accident, he:

"was mentally and physically incapable of recalling the events and circumstances of the accident and mentally and physically incapable of attending to his affairs, or of urging others to do so, until on or after August 1, 1972."

The averment of incapacity was uncontested by the defendants at the time of the hearing on the defendants' motion. The trial court granted the defendants' motion, ruling:

"The plaintiffs had 90 days to give notice to the Town of Telluride of the acts complained of. The statute [Colorado Governmental Immunity Act] makes no provision for extension of time because of hospitalization, or even death. The statute makes no exception for minors. The minor plaintiff is bound by the statute even though he was a minor and was hospitalized. The minor was also released from the hospital in sufficient time to send the notice. Also, the minor could have sent the notice, as he later did, even though no guardian had been appointed.

"Due to the lack of notice, the plaintiffs cannot now maintain suit against the defendants. C.R.S. 130-11-9."

The plaintiffs attack this ruling, contesting the constitutionality of the notice requirement. Alternatively, they contend that an exception to the requirement is expressly provided for minors and mental incompetents. As to this second argument, the defendants maintain that the legislative intent to include "within one article all of the circumstances under which the state or any of its political subdivisions may be liable . . . ." was clear. 1971 Perm. Supp., C.R.S. 1963, 130-11-2. The defendants contend that this legislative declaration of policy requires a strict interpretation of the notice requirement. To read any exception into an unambiguous statutory provision, the defendants argue, would constitute judicial legislation.

Inasmuch as the trial court dismissed the entire complaint, the plaintiffs have also raised a question concerning the viability of their claims against the peace officers for their alleged negligence and the Town as their indemnitor under 1971 Perm. Supp., C.R.S. 1963, 99-2-12. Concerning the peace officers, it is clear that the liability of a municipality's police has traditionally existed despite the doctrine of sovereign immunity. *Corder v. People,* 87 Colo. 251, 287 P. 85 (1930); *cf. Johnsen v. Baugher,* 92 Colo. 588, 22 P.2d 855 (1933). Hence this court's prospective abrogation of the doctrine in *Evans v. Board of County Commissioners,* 174 Colo. 97, 482 P.2d 968 (1971) and the legislature's enactment of the Immunity Act was without effect on a peace officer's vulnerability to liability. Therefore, the plaintiffs' claim against the peace officers is not limited by the notice provision of the Immunity Act.

The requirements of the Immunity Act are extraneous to the Town's liability under the Liability of Peace Officers Act. The secondary liability of a governmental entity as an indemnitor under this statute is different and distinct from the direct liability imposed by the Immunity Act. The defendants have suggested that the history of the two acts, together with the language of the Immunity Act, makes it clear that the two are to be read in conjunction with each other. However, we are unable to discern such a legislative intent. Compliance with the notice requirement is a condition precedent only to actions brought under the provisions of the Immunity Act. 1971 Perm. Supp., C.R.S. 1963, 130-11-9(1). The only time limitation, other than the statute of

limitations, imposed upon one seeking to hold a governmental entity secondarily liable under 1971 Perm. Supp., C.R.S. 1963, 99-2-12, is the requirement contained within the provisions of that statute. Before a political subdivision of the state can be required to indemnify its police officers, "the person claiming damages [must serve] such political subdivision with a copy of the summons within ten days from the date when a copy of the summons is served on such police officer . . . ." From the record it appears that the plaintiffs served summons upon the Town within 10 days after having served the individual peace officers. Hence, the plaintiffs were in compliance with the time requirement of 1971 Perm. Supp., C.R.S. 1963, 99-2-12.

The sole remaining issue for consideration is the question of whether the disability of a claimant, in the absence of a specific exception, may extend the 90-day period for notification. This we answer in the affirmative.

The notice provisions of the Governmental Immunity Act, 1971 Perm. Supp., C.R.S. 1963, 130-11-9(1) stand as a condition precedent to the commencement of an action against a public entity. The purpose of this requirement is to give the municipal authorities prompt notice of the need to investigate the matter, to allow for immediate abatement of dangerous conditions, to foster prompt settlement of meritorious claims, as well as to allow a knowledgeable compliance with the statutory requirements for budgeting and tax levies. *Fisher v. City and County of Denver,* 123 Colo. 158, 225 P.2d 828 (1950).

The defendants' support of the ruling of the trial court is based entirely on an interpretation of the Colorado Governmental Immunity Act. We find that the defendants in their analysis overlooked a very important provision of the act which leads us to our differing conclusion. It is 1971 Perm. Supp., C.R.S. 1963, 130-11-9(5) which states:

"Any action brought pursuant to this article shall be commenced within the time period provided for that type of action in Chapter 87, C.R.S. 1963 relating to limitations of actions, or it shall be forever barred."

Chapter 87, C.R.S. 1963 establishes the time limitation in which various actions may be commenced. Each such limitation is sub-

ject to Article 2 of that chapter, which tolls the running of the limitation periods in the event of disability. Hence, in stating the period of limitations for actions against governmental entities, the General Assembly provided for the eventuality of disability. It would be incongruous to extend the overall period in which an action could be brought, yet bar one under disability for failing to comply with the 90-day notice requirement. Such an anomaly was clearly not within the contemplation of the legislature in enacting the Immunity Act.

The exception to the notice requirement includes all persons laboring under any of the generally recognized forms of disability as defined in "Persons Under Disability Act" C.R.S. 1963, 87-2-1(1): " '[p]erson under disability,' . . . means a minor, mental incompetent or any person under any other legal disability."

■ A disabled person is relieved from the statutory duty of giving notice until the removal of his disability. At the conclusion of the disability, the 90-day notice requirement commences and runs as it would against any other claimant.

■ The defendants also contend that the exception does not apply to the notice requirement of the Immunity Act in the present situation because the minor gave notice and sued by his father as next friend and natural guardian, who was such at all times material to the notice issue. This argument ignores the fact that a minor's next friend is not a real party in interest, but rather a mere aid to the minor's assertion of his rights against the defendants. *Webb v. Harris,* 32 Okla. 491, 121 P. 1082 (1911); *Wheatley v. Heideman,* 251 Iowa 695, 102 N.W.2d 343 (1916). Being such, it is clear that the next friend's action or inaction in commencing the suit cannot prejudice the minor's rights. The running of the period of limitations against a person under a disability is controlled by the appointment of a "legal representative," as defined in C.R.S. 1963, 87-2-1(3):

"The term 'legal representative' as used in this article, means a guardian, conservator, executor or administrator *duly appointed by a court* having jurisdiction of any person under disability . . . ."

*Cf. Jacob v. City of Colorado Springs,* 175 Colo. 102, 485 P.2d

889 (1971); *Weidensaul v. Industrial Commission,* 107 Colo. 28, 108 P.2d 234 (1940); *Colorado Springs v. Colburn,* 102 Colo. 483, 81 P.2d 397 (1938); *City and County of Denver v. Taylor,* 88 Colo. 89, 292 P. 594 (1930).

■ In light of the plaintiff's presentation of competent evidence attesting his incapacity, the trial court's order granting the defendant's motion for a summary judgment was in error. We therefore reverse the order and remand this cause for further proceedings not inconsistent with the views expressed herein.