584 P.2d 1220 (1978)
Teresa Lynn PRICE, Alan Dale Price, and Jeff Wade Price, minors, by their next friend, Thomas W. Metcalf, Plaintiffs-Appellees,
v.
Mayo SOMMERMEYER, personal representative of the Estate of Christine E. Price, Deceased, Defendant-Appellant.
No. 76-585.
Colorado Court of Appeals, Div. III.
June 22, 1978.
Rehearing Denied July 13 and July 27, 1978.
Certiorari Granted September 25, 1978.
*1221 *1222 Anderson, Dressel & Woodard, Samuel L. Anderson, Fort Collins, for plaintiffs-appellees.
Montgomery, Little, Young, Campbell & McGrew, P. C., J. Bayard Young, Donald G. Musselman, Denver, for defendant-appellant.
PIERCE, Judge.
Plaintiffs, Teresa, Alan, and Jeff Price, through their next friend, Thomas Metcalf, brought this action against the estate of plaintiffs' mother, Christine E. Price, for the wrongful death of their father, Johnny E. Price. Both Christine and Johnny were killed in 1973 when the car which Christine was driving, and in which Johnny was a passenger, collided with an unattended truck parked on the shoulder of the highway. A jury found in favor of plaintiffs, and defendant, the personal representative of Christine's estate, appealed. This court reversed the judgment on the ground that the district court lacked subject matter jurisdiction to administer Christine's estate. Price v. Sommermeyer, Colo.App., 567 P.2d 819 (1977). The Supreme Court held that the district court did have jurisdiction over the subject matter, and remanded the cause to this court for consideration of the other issues raised by defendant. Price v. Sommermeyer, Colo., 577 P.2d 752 (announced April 24, 1978, No. C-1303). Upon consideration of these issues, we modify the judgment of the trial court and affirm.

I.
Initially, we must address defendant's contention that plaintiffs' cause of action is barred by their failure to procure the appointment of defendant-administrator within the time set forth in C.R.S.1963, §§ 153-7-2 and 3.[1] C.R.S.1963, 153-7-2, provided:
"In case letters testamentary or of administration shall not have been theretofore issued upon the request of any other person, creditors of any person hereafter dying may apply for administration of his estate within one year after the date of decease, but not afterwards. No such creditor shall be entitled to apply for administration of such estate after his claim is barred by any general statute of limitations of this state. This section and § 153-7-3 shall not prevent any creditor who is also an heir, legatee or devisee from exercising his right as such heir, but shall affect his right as creditor only."
And, C.R.S.1963, 153-7-3, provided that if letters of administration were not issued within this one year period, "all claims of creditors shall be forever barred . . ."
Here, it is undisputed that more than one year elapsed between the date of the accident and the date of defendant's appointment. Furthermore, wrongful death claimants are "creditors" within the scope of these sections. See Jackson v. Bates, 133 Colo. 248, 293 P.2d 962 (1956).
*1223 However, we hold that the one year limitation has never begun to run against these plaintiffs since they were, and still are, minors, and as such, are under a disability. C.R.S.1963, 87-2-3 (now § 13-81-103, C.R.S.1973). If a person under a disability is without a "legal representative," statutes of limitation do not run against him. Antonopoulos v. Telluride, 187 Colo. 392, 532 P.2d 346 (1975). And, the one year limitation does not run against the next friend here, since he is not a "legal representative" within the meaning of § 87-2-3(1)(b). Antonopoulos, supra.
Defendant argues that § 153-7-3 is a "non-claim" statute as opposed to a "statute of limitations," and that the disability exception of § 87-2-3 thus does not apply. But the exception "specifically applies to all limitations of time contained in any of the statutes of the State of Colorado." Ball v. Industrial Commission, 30 Colo.App. 583, 503 P.2d 1040 (1972), partially overruled on other grounds, Kuckler v. Whisler, Colo., 552 P.2d 18 (1976). Moreover, § 153-7-3 unambiguously states that claims not brought within the one year limit "shall be forever barred." Identical language, appearing in a different statute, has been construed by the Supreme Court to create a limitation subject to the disability exception, Antonopoulos, supra, and we rule that that case is dispositive of defendant's argument on this point.

II.
Defendant contends that the guest statute, C.R.S.1963, 13-9-1 (§ 42-9-101, C.R.S.1973, repealed April 9, 1975) bars plaintiffs' recovery. It is true that plaintiffs, as wrongful death claimants, were subject to the limitations of the guest statute. Taylor v. Welle, 143 Colo. 37, 352 P.2d 106 (1960). However, an owner-passenger does not become a "guest" simply by permitting another person to drive. Scheimo v. Holzfaster, Colo.App., 580 P.2d 403 (announced April 6, 1978, No. 77-739). Therefore, Johnny Price was not a guest and his survivors are not barred from recovering in simple negligence against Christine's estate. Scheimo, supra.

III.
The trial court rejected defendant's tendered instructions on the imputation of Christine's negligence to Johnny and, derivatively, to plaintiffs. It also refused to instruct the jury that Johnny, as a passenger, could be negligent in his own right, regardless of imputation. Under the circumstances here, the trial court properly rejected these tendered instructions.
When a passenger is also the owner of the vehicle, as is the case here, the driver's negligence can be imputed to him in suits brought by or against third parties. Moore v. Skiles, 130 Colo. 191, 274 P.2d 311 (1954); Romero v. Denver & Rio Grande Western Ry., 30 Colo.App. 516, 497 P.2d 704 (1972), rev'd on other grounds, 183 Colo. 32, 514 P.2d 626 (1973). Furthermore the doctrine of imputed negligence has not been substantially changed by this state's adoption of comparative negligence. Hover v. Clamp, Colo.App., 579 P.2d 1181 (announced March 2, 1978, No. 76-791).
However, a driver cannot impute his own negligence to a passenger-owner as a defense to the passenger's claim against him for that negligence. If such a rule were adopted, passenger-owners, solely by virtue of their status as passengers, would always be barred from suing their negligent drivers. Such a result is untenable, and we agree with the majority of courts which have held that the negligence of the driver will not bar a suit against him by the passenger-owner. See Summers v. Summers, 40 I11.2d 338, 239 N.E.2d 795 (1968). See also Restatement (Second) of Torts § 491(2) and Comment k.
It is true that even though the negligence of the driver might not be imputed to him, the passenger still has the duty to exercise such care as would a reasonably prudent person under similar circumstances. United Brotherhood of Carpenters & Joiners v. Salter, 114 Colo. 513, 167 P.2d 954 (1946); Powell v. Ouray, 32 Colo.App. 44, 507 P.2d 1101 (1973). However, *1224 since Johnny died on impact, and Christine died 20 days later, no evidence of Johnny's negligence was presented. Under the circumstances, then, the comparative negligence instructions were properly refused. C.R.C.P. 51.1(1); Dolan v. Mitchell, 179 Colo. 359, 502 P.2d 72 (1972).

IV.
The jury returned a verdict in favor of plaintiffs for $250,000. The parties stipulated that under § 15-12-803(3)(b), C.R.S.1973, plaintiffs' recovery against Christine's estate would be limited to "the limits of the [applicable] insurance protection." Despite the fact that the bodily injury limit of Christine's liability insurance was $10,000 per person, the trial court entered judgment for $15,000, based on its interpretation of § 42-7-413(1)(c), C.R.S. 1973, of the Motor Vehicle Financial Responsibility Act. This was error.
The Financial Responsibility Act applies only after a driver has submitted a policy to the Commissioner of Insurance as proof of his financial responsibility. Safeco Insurance Co. v. Gonacha, 142 Colo. 170, 350 P.2d 189 (1960); Urtado v. Shupe, 33 Colo.App. 162, 517 P.2d 1357 (1973). Here, there was no evidence suggesting that such a procedure was followed. Thus, the court should have limited the judgment to the amount of the policy. Gonacha, supra.
The judgment is modified to reduce the amount of damages to $10,000, and, as modified, is affirmed and the cause is remanded to conform to the judgment.
SILVERSTEIN, C. J., and STERNBERG, J., concur.
NOTES
[1] These sections were repealed in 1973, and replaced by portions of the Colorado Probate Code, § 15-10-101, et seq., C.R.S.1973, 1973 Colo.Sess. Laws, ch. 451 at 1538.