## No. C-1679
## No. C-1703

**Mayo Sommermeyer, personal representative of the Estate of Christine E. Price, Deceased v. Teresa Lynn Price, Alan Dale Price, and Jeff Wade Price, minors, by their next friend, Thomas W. Metcalf; and Teresa Lynn Price, Alan Dale Price, and Jeff Wade Price, minors, by their next friend, Thomas W. Metcalf v. Mayo Sommermeyer, personal representative of the Estate of Christine E. Price, Deceased.**

(603 P.2d 135)

Decided December 3, 1979.

Montgomery Little Young Campbell & McGrew, P.C., H. Wayne Leiser, Donald G. Musselman, J. Bayard Young, for petitioner (No. C-1679) and respondent (No. C-1703).

Samuel L. Anderson, for respondents (No. C-1679) and petitioners (No. C-1703).

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Certiorari was granted to review the decision of the Colorado Court of Appeals in *Price v. Sommermeyer,* 41 Colo. App. 147, 584 P.2d 1220 (1978). We affirm.

This is a wrongful death action brought by plaintiffs against a special administrator of their mother's estate to recover damages for the death of plaintiffs' father who was killed in an automobile accident which occurred in Colorado on August 4, 1973.[1] Both the mother and the father were domiciliaries of Nebraska at the time of the accident. The mother was driving the father's automobile in which the father was riding as a passenger when the accident occurred. The only Colorado asset in the mother's estate was an automobile liability insurance policy.

---

[1] The facts are more fully set forth in *Price v. Sommermeyer,* 195 Colo. 285, 577 P.2d 752 (1978).

A jury trial was held and a verdict was returned for the plaintiffs in the amount of $270,000, which was reduced by the court to $15,000 upon a stipulation by the parties that the amount of recovery would be limited to the coverage provided by the applicable insurance policy.

On appeal to the court of appeals, that court reversed the district court for want of subject matter jurisdiction. *Price v. Sommermeyer,* 39 Colo. App. 365, 567 P.2d 819 (1977). On certiorari, this court reversed the court of appeals in *Price v. Sommermeyer,* 195 Colo. 285, 577 P.2d 752 (1978), holding that there was subject matter jurisdiction. The cause was remanded to the court of appeals for determination of the other issues raised on appeal.

On reconsideration, the court of appeals then affirmed the trial court, holding that: (1) the minority disability provisions of C.R.S. 1963, 87-2-3 (now section 13-81-103, C.R.S. 1973) saved plaintiffs' cause of action despite their failure to obtain an administrator for their mother's estate within one year of her death as required by C.R.S. 1963, 153-7-2 and 3;[2] (2) the trial court correctly refused to instruct the jury that a driver's negligence may be imputed to the owner-passenger in a suit by the owner-passenger against the driver; and (3) because the Motor Vehicle Financial Responsibility Act, section 42-7-413(1)(c), C.R.S. 1973, was not applicable, the damage award should be reduced from $15,000 to $10,000. We then granted certiorari and now affirm the court of appeals.

I.

Defendant contends that plaintiff's cause of action is barred by their failure to procure the appointment of an administrator for their mother's estate within one year of her death as required by the then applicable statutes, C.R.S. 1963, 153-7-2 and 3. C.R.S. 1963, 153-7-2 provided:

". . . In case letters testamentary or of administration shall not have been theretofore issued upon the request of any other person, creditors of any person hereafter dying may apply for administration of his estate within one year after the date of decease, but not afterwards. No such creditor shall be entitled to apply for administration of such estate after his claim is barred by any general statute of limitations of this state. This section and section 153-7-3 shall not prevent any creditor who is also an heir, legatee or devisee from exercising his right as such heir, but shall affect his right as creditor only."

C.R.S. 1963, 153-7-3 provided:

"Creditors' claims, when barred. — If such letters are not issued within the time specified, all claims of creditors shall be forever barred, and the purchasers of the property of the deceased from the heirs of the deceased

---

[2] These sections were repealed in 1973, and replaced by portions of the Colorado Probate Code, section 15-1-101, *et seq.*, C.R.S. 1973. Colo. Sess. Laws 1973, ch. 451, 153-1-101 at 1538.

shall in such case take the same free from any lien of the claims of the creditors. This section and section 153-7-2 shall not affect the lien upon the encumbered property of any claim secured by valid recorded mortgage or deed of trust or by valid pledge accompanied by delivery of possession." The court of appeals held that the plaintiffs, as minors, were not bound by the one-year limitation established by C.R.S. 1963, 153-7-2 and 3 because of the operation of the disability provisions of C.R.S. 1963, 87-2-3.[3]

Defendant argues that this holding was error, and he characterizes the foregoing statutes as nonclaim statutes, which cannot be tolled by a statutorily recognized disability, citing *Estate of Randall v. Colorado State Hospital,* 166 Colo. 1, 441 P.2d 153 (1968). We do not agree, and hold, for the reasons hereinafter stated, that plaintiffs' cause of action is not barred by the aforementioned statutes.

We do not regard *Randall* as controlling the disposition here. In *Randall* an estate had been properly opened and the Colorado State Hospital filed a late claim. This court held, overruling its previous decision in *State v. Estate of Griffith,* 130 Colo. 312, 275 P.2d 945 (1954), that the state of Colorado or its subdivisions, as a claimant, is subject to the same limitation for filing a claim as any other creditor who makes a claim against the estate of a decedent.

In the instant case, no estate was opened against which a claim could be filed. We interpret the language of this court in *Randall* — that a nonclaim statute operates to deprive a court of jurisdiction — as limited only to late filed claims in a then pending estate. In other words, once an estate was opened and a notice to creditors had been given, the court was without jurisdiction to adjudicate untimely filed claims.

At issue in the present case is whether the one-year period in which creditors must apply for administration of a decedent's estate is tolled for a claimant who is under disability as provided by C.R.S. 1963, 87-2-3. We answer in the affirmative. The statute does not indicate otherwise. The applicability of the statute is stated as follows:

"Statute begins to run — when. (1)(a) Whenever in *any of the statutes* of the state of Colorado *heretofore or hereafter enacted,* a limitation is fixed upon the time within which a right of action, right of redemption, or any other right, may be asserted either affirmatively or by way of defense, or an action, suit or proceeding based thereon, may be brought, commenced, maintained or prosecuted, and the true owner of said right is a person under disability at the time such right accrues, then:

"(b) If such person under disability is represented by a legal representative at the time said right accrues, or if a legal representative is appointed for such person under disability at any time after said right accrues and

---

[3] Now recodified as section 13-81-103, C.R.S. 1973.

prior to the termination of such disability, the applicable statute of limitations shall run against such person under disability in the same manner, for the same period, and with the same effect as it runs against persons not under disability. Such legal representative or his successor in trust, in any event, shall be allowed not less than two years after his appointment within which to take action on behalf of such person under disability, even though such two year period shall expire after the expiration of the period fixed by the applicable statute of limitations . . . ." C.R.S. 1963, 87-2-3. To the extent that the decision in *Estate of Randall, supra,* might be construed otherwise, we expressly hold it inapplicable to the unique facts of this case. And, we do not consider this holding to offend the underlying rationale for the nonclaim statute, as expressed in *Randall,* which is intended ". . . to expedite the orderly and exact settlement of estates of decedents." Here, the estate consists only of a liability insurance policy the proceeds of which may only be claimed by plaintiffs who are entitled to be indemnified in accordance with the terms of the policy. Thus, the proceeds are not available to the general creditors or beneficiaries of the estate. Moreover, the claims of the plaintiffs to be satisfied by the insurance proceeds do not affect the interests of the beneficiaries under the estate and thus present no obstacle to an orderly and exact administration of the estate. *In re Estate of McDonald,* 15 Ohio Misc. 74, 44 Ohio Op. 2d 262, 239 N.E.2d 277 (1966); *Belancsik v. Overlake Memorial Hospital,* 80 Wash.2d 111, 492 P.2d 219 (1971). The General Assembly has recognized this distinction in enacting the present day Probate Code. *See* section 15-12-803(3)(b), C.R.S. 1973.

## II.

■ Defendant contends that the trial court erred in refusing to instruct the jury that a driver's negligence may be imputed to the owner-passenger [and derivatively to the plaintiffs] in a suit by the owner-passenger against the driver. The court of appeals rejected this contention, holding that "a driver cannot impute his own negligence to a passenger-owner as a defense to the passenger's claim against him for that negligence." We agree.

■ As implied by the court of appeals, imputation of a driver's negligence to an owner-passenger should be limited to suits brought by or against third parties. *See Moore v. Skiles,* 130 Colo. 191, 274 P.2d 311 (1954). Otherwise, owner-passengers always would be precluded from suing their negligent drivers simply because they were passengers. *See also Restatement (Second) of Torts* § 491(2) and Comment K.

## III.

■ The court of appeals modified the judgment to reduce the amount of damages from $15,000 to $10,000, the bodily injury limit of the mother's liability insurance. This complies with the stipulation of the parties that plaintiffs' recovery would be limited to "the limits of the

[applicable] insurance protection." We agree with the court of appeals that section 42-7-413(1)(c), C.R.S. 1973, of the Motor Vehicle Financial Responsibility Act does not apply here. *Safeco Insurance Co. v. Gonacha*, 142 Colo. 170, 350 P.2d 189 (1960); *Urtado v. Shupe*, 33 Colo. App. 162, 517 P.2d 1357 (1973).

Similarly, the mandatory coverage amount of $15,000 required by the Colorado Auto Accident Reparations Act, section 10-4-706, C.R.S. 1973, was not effective at the time of the accident. Contrary to plaintiffs' contention, we perceive no public policy reasons for retroactively applying the current statutory minimum.

The judgment is affirmed.