**Victoria Ruth LOVATO,**
**Plaintiff-Appellant,**

v.

**Patricia HERRMAN,**
**Defendant-Appellee.**

**No. 82CA0296.**

Colorado Court of Appeals,
Div. II.

March 15, 1984.

As Modified on Denial of Rehearing
May 3, 1984.

Certiorari Denied
Aug. 7, 1984.

Fasing & Fasing, P.C., Gregory J. Fasing, Timothy L. Fasing, Lakewood, for plaintiff-appellant.

Hall & Evans, Richard A. Hanneman, Alan Epstein, Denver, for defendant-appellee.

KELLY, Judge.

In this case involving a rear-end auto accident, the plaintiff, Victoria Ruth Lovato, appeals the trial court's entry of judgment on the jury's verdict in favor of the defendant, Patricia Herrman. Plaintiff argues that the trial court erred in its admission and exclusion of certain evidence of liability and in its submission of an instruction to the jury on sudden equipment failure. We affirm.

Lovato's vehicle was struck from behind by a vehicle driven by Herrman. According to plaintiff's version of the incident, this collision resulted in a chain reaction in which the Lovato vehicle struck the vehicle in front of her which struck an RTD bus in front of it; but the sequence of the impacts was disputed at trial.

Lovato contends that the trial court erred in admitting the testimony of Herrman concerning alleged statements made to her by an unidentified person who, though not involved in the accident, was the driver of the car immediately behind Herrman. We disagree.

Over objection, Herrman testified that at the scene of the accident that driver had jumped into her car and excitedly told her (1) she was not at fault, and (2) the driver of the vehicle in front of Lovato had a bottle to his mouth and had hit the bus first. The trial court admitted the testimony under the exception to the hearsay rule for an excited utterance, defined by CRE 803(2) as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

■■■ The availability of the declarant as a witness is immaterial to the admissibility of such an out-of-court statement, CRE 803, and the declarant may be a bystander rather than a participant in the event. *People v. Dement*, 661 P.2d 675 (Colo. 1983). To qualify a statement as an excited utterance admissible under the exception, there must be an event sufficiently startling to render normal reflective thought processes of the declarant inopera-

tive, and the declarant's statement must have been a spontaneous reaction to that event and not the result of reflective thought. *People v. Dement, supra.* There is no requirement in CRE 803(2) that there be corroborative evidence of the existence of the declarant.

■■■ Here, the collision qualifies as a "startling event," the declarant's remarks were made only moments later in reaction to that event, and Herrman testified that the declarant was excited. Moreover, as Herrman's testimony *in camera* and the drawing of the scene in plaintiff's Exhibit A disclose, the declarant had been driving on a side street and had turned the corner into a position immediately behind Herrman, and it may properly be inferred that the declarant was able to observe the accident and was affected by it. We conclude that there was sufficient evidence to show that there existed continuing stress, that the statements were of sufficient temporal proximity to the event to infer that the exciting influence continued, and that the statements were a spontaneous reaction to that influence. Hence, they were admissible under CRE 803(2).

Lovato also contends that the trial court erred in admitting the investigating officer's testimony concerning his arrest of another driver involved in this chain-reaction accident for driving under the influence of alcohol. Relying on *Ripple v. Brack*, 132 Colo. 125, 286 P.2d 625 (1955), she argues that under § 42–4–1508, C.R.S., the arrest of any person for a traffic offense, as well as a conviction for such an offense, may not be admitted in any civil action. We need not reach the issue.

Even if we assume that the statute does prohibit the admission of testimony concerning the arrest, we conclude that here the totality of the testimony reveals no prejudicial effect. Although the officer testified that he had arrested the other driver "for investigation of driving under the influence," he further testified that it had been determined that the driver was not under the influence. Hence, the effect of the testimony about the arrest was neu-

tralized and could not have influenced the result as did the questioning in *Ripple, supra.*

Lovato's other allegations of error are without merit. *See People v. Abbott,* 638 P.2d 781 (Colo.1981); *Carsell v. Edwards,* 165 Colo. 335, 439 P.2d 33 (1968); *Barnhill v. Public Service Co.,* 649 P.2d 716 (Colo. App.1982); *Colo. J.I.* 11:13 (2d ed. 1980).

The judgment is affirmed.

BERMAN and BABCOCK, JJ., concur.