**Michael HABERKORN, a minor, by his next friend, Ronald HABERKORN, Plaintiff-Appellant,**

v.

**ROHM–GMBH, a West German limited partnership, Defendant-Appellee.**

**No. 84CA0481.**

Colorado Court of Appeals, Div. III.

June 6, 1985.

Rehearing Denied July 11, 1985.

Certiorari Denied Nov. 4, 1985.

Philip E. Lowery, P.C., Philip E. Lowery, Scot W. Nolte, Denver, for plaintiff-appellant.

Wood, Ris & Hames, P.C., Bruce F. Fest, Jeffrey Clay Ruebel, Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Michael Haberkorn, a minor by his next friend Ronald Haberkorn, appeals from the entry of summary judgment in favor of defendant, ROHM–GMBH, a West German limited partnership (ROHM). We reverse.

On August 3, 1977, the plaintiff's brother and a neighbor were playing with a loaded revolver when they shot the plaintiff through the neck. Plaintiff was then ten years old.

An action in negligence, strict liability, and breach of warranty was originally brought on November 6, 1978, by plaintiff's next friend and father, Ronald Haberkorn, against the neighbor, the neighbor's mother, the importer of the revolver, and ROHM as manufacturer. ROHM's motion to quash for defective service was confessed by plaintiff on February 6, 1980. Following another attempt to serve ROHM in August 1980, the trial court granted ROHM's motion to dismiss for lack of jurisdiction. An amended complaint was then filed on February 1, 1982, asserting against ROHM claims in strict liability, negligence, express warranty, and implied warranty. Service was effected on May 17, 1982.

In granting summary judgment the trial court ruled that plaintiff's negligence and product liability claims are barred by the three-year statute of limitation set out in § 13–80–127.5, C.R.S. (1984 Cum.Supp.) and that the warranty claims are barred by the four-year statute of limitation set out in § 4–2–725, C.R.S. The trial court determined that these limitation periods were not tolled by plaintiff's minority. We conclude that the trial court erred in ruling that plaintiff was not under a disability and, thus, that neither limitation period was tolled.

The specific tolling provision of § 13–80–127.5(2), C.R.S. (1984 Cum.Supp.) controls determination of the products liability claims in this case. *See Sommermeyer v. Price,* 198 Colo. 548, 603 P.2d 135 (1979); *Kuckler v. Whisler,* 191 Colo. 260, 552 P.2d 18 (1976); *Barnhill v. Public Service Co.,* 649 P.2d 716 (Colo.App.1982). That statute states:

"If any person entitled to bring any action mentioned *in this section is under the age of eighteen years,* mentally incompetent, imprisoned, or absent from the United States at the time the cause of action accrued, such person may bring said action within the time limit specified in this section *after the disability is removed.*" (emphasis added)

ROHM contends that the disability was removed from 1979 until 1982 when suit was reinstated against it because the action was initially prosecuted against ROHM and other defendants through plaintiff's next friend and natural guardian, the action against ROHM was dismissed in August 1980 because of lack of jurisdiction, and plaintiff thereafter continued to prosecute the same claims against other defendants. We disagree.

■ There is nothing in the statute that indicates that a next friend is a "legal representative" and that statutes of limitation do not run against a person under disability without a "legal representative." *See Antonopoulos v. Telluride*, 187 Colo. 392, 532 P.2d 346 (1975); *Price v. Sommermeyer*, 41 Colo.App. 147, 584 P.2d 1220 (1978), *aff'd, supra*. Therefore, we hold that the three year limitation had not yet begun to run against this plaintiff since he is "under the age of eighteen years." Section 13–80–127.5(2), C.R.S. (1984 Cum. Supp.).

The four-year statute of limitation applicable to the plaintiff's breach of warranty claims, § 4–2–725, C.R.S., contains the following general tolling provision:

"This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this title becomes effective."

■ Because § 4–2–725, C.R.S. contains no specific tolling provision, and does not otherwise indicate to the contrary, the general tolling provisions of § 13–81–103, C.R.S., apply. *Barnhill v. Public Service Co., supra.*

Section 13–81–101(3), C.R.S. (1984 Cum. Supp.) defines a "person under disability" as:

"A minor under eighteen years of age, a minor under six years of age or a person under the age of eighteen years who does not have a natural or legal guardian as provided in section 13–80–105, a mental incompetent, or a person under any other legal disability."

Section 13–80–105, C.R.S. (1984 Cum. Supp.) is limited to and provides for a two-year limitation of action in medical malpractice cases, and sets forth its own specific tolling provision. *See* § 13–80–105(2), C.R.S. (1984 Cum.Supp.). Section 13–80–105(3), C.R.S. (1984 Cum.Supp.) defines a "person under disability" as:

"A minor under six years of age, a person under the age of eighteen years who does not have a natural or legal guardi-an, a mental incompetent, or a person under any other legal disability."

ROHM contends that we should construe § 13–81–101(3), C.R.S. (1984 Cum.Supp.) to delete the terms "a minor under eighteen years of age" and that the General Assembly intended to give effect only to the language "a minor under six years of age or a person under the age of eighteen years who does not have a natural or legal guardian as provided in section 13–80–105." Therefore, ROHM argues that the trial court was correct in granting summary judgment on the warranty claims because plaintiff was over the age of six but under the age of eighteen years when the cause of action accrued and his action was prosecuted through his father, a natural guardian. We disagree.

■ A statute should be construed as a whole so as to give consistent, harmonious and sensible effect to all its parts, *Massey v. District Court*, 180 Colo. 359, 506 P.2d 128 (1973), and it is presumed to be effective in its entirety. *Watson v. People*, 700 P.2d 544 (Colo.1985). We construe the language relied upon by ROHM in § 13–81–101(3), C.R.S. (1984 Cum.Supp.), as referring solely to actions in malpractice under § 13–80–105, C.R.S. (1984 Cum. Supp.). By so doing we leave intact and give full effect to each alternative part of § 13–81–101(3), C.R.S. (1984 Cum.Supp.) and construe it in *pari materia* with § 13–80–105, C.R.S. (1984 Cum.Supp.). *See Buck v. District Court*, 199 Colo. 344, 608 P.2d 350 (1980).

Accordingly, since plaintiff is a person under the age of eighteen years for whom no "legal representative" as required by § 13–81–103(1)(a), C.R.S. and defined in § 13–81–101(2), C.R.S. had been appointed, we hold that plaintiff is a person under disability, and the four-year limitation applicable to warranty claims had not begun to run against him. *See Antonopoulos v. Telluride, supra; Price v. Sommermeyer, supra.*

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

VAN CISE and TURSI, JJ., concur.