**Roy Joseph JAMES, Petitioner,**

v.

**BROOKHART LUMBER COMPANY, General Insurance Company of America, and the Industrial Commission of the State of Colorado, Respondents.**

**No. 85CA1326.**

Colorado Court of Appeals, Div. I.

Sept. 4, 1986.

Alexander & Wieman, William A. Alexander, Jr., Colorado Springs, for petitioner.

Hall & Evans, Fredric A. Ritsema, Richard D. Hall, Denver, for respondents Brookhart Lumber and General Ins. Co. of America.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n of State of Colo.

ENOCH, Chief Judge.

Petitioner, Roy Joseph James, seeks review of the order of the Industrial Commission (commission) denying his petition to reopen his workmen's compensation claim on the ground that the petition was untimely filed. We affirm.

On September 30, 1971, petitioner was involved in an industrial accident while employed by respondent, Brookhart Lumber Company (employer). Respondent General Insurance Co. of America (insurer) admitted liability and paid temporary total disability benefits until December 22, 1977, when petitioner signed a stipulation fully settling any claims for permanent partial disability and releasing any rights arising out of the accident, except for future medical benefits. Petitioner's father was present and also signed. Petitioner was not represented by counsel, and a legal representative had not been appointed on his behalf.

The stipulation was approved by a referee of the Division of Labor (division) and the settlement sum was paid by insurer. Insurer continued to pay all medical benefits until petitioner was admitted to the Major Medical Insurance Fund.

On January 2, 1985, petitioner filed a petition to reopen his claim with the division. Respondents filed a motion to dismiss, arguing that the statute of limitations had run on petitioner's right to reopen his claim. In response, petitioner argued that the statute of limitations was tolled because he was under a disability and had been since the accident. On March 21, 1985, the hearing officer, without a hearing, found that the petition to reopen was not timely filed and denied it. The commission affirmed.

On review, petitioner contends that the commission erred when it ruled that the statute of limitations precluded claimant from raising the issue of mental competency as grounds to reopen his claim and set aside the stipulated settlement. Because we conclude that a hearing before the division is an improper forum in which to raise or decide the issue whether petitioner is under a disability for purposes of tolling the workmen's compensation statute of limitations, we disagree.

Section 8-53-113, C.R.S. (1985 Cum. Supp.) concerns reopening of workmen's compensation claims and provides in part:

"At any time within six years from the date of injury or at any time within two years after the date the last compensation becomes due and payable, whichever is longer, the director or a hearing officer may, after notice to all parties, review and reopen any award on the ground of an error, a mistake, or a change in condition...."

This provision has been deemed a statute of limitations. *Ball v. Industrial Commission*, 30 Colo.App. 583, 503 P.2d 1040 (1972), *partially overruled on other issues, Kuckler v. Whisler*, 191 Colo. 260, 552 P.2d 18 (1976) (construing C.R.S. 1963, § 81-14-19).

It is undisputed that petitioner filed his petition to reopen more than six years after the date of the accident and more than two years after the last compensation became due. He argues, however, that the general statutory provision which acts to toll statutes of limitation for persons under disability, § 13-81-103, C.R.S., is applicable to toll the above statute of limitation in this situation and allows him to raise before a hearing officer in a petition to reopen the issue whether he qualifies as a person under disability so as to toll the workmen's compensation statute of limitations.

■ We agree with petitioner that if a person under a disability is without a "legal representative," statutes of limitations do not run against him. *Price v. Sommermeyer*, 41 Colo.App. 147, 584 P.2d 1220 (1978), *aff'd* 198 Colo. 548, 603 P.2d 135 (1979); *Barnhill v. Public Service Co.*, 649 P.2d 716 (Colo.App.1982), *aff'd*, 690 P.2d 1248 (Colo.1984); *see also Haberkorn v. Rohm-GMBH*, 709 P.2d 44 (Colo.App.1985).

Therefore, *if* petitioner were under disability at the time his right to compensation accrued, and continued to be under disability at the time he filed his petition to reopen, *see* § 13–81–103(1)(a) and (c), C.R.S., then the statute of limitations, § 8–53–113, C.R.S. (1985 Cum.Supp.), cannot run against him because it is undisputed that a legal representative has not been appointed on his behalf.

Here, however, the record does not contain an appropriate adjudication that petitioner was a person under disability at the time his right to compensation accrued, *i.e.*, at the time of the injury in September of 1971, and that he continued to be under disability at the time he filed the petition to reopen.

■ Contrary to his contention, a petition to reopen filed with the division is an improper forum in which to raise the issue of whether he was under disability so as to toll the workmen's compensation statute of limitations.

A " '[p]erson under disability' means a minor ... a mental incompetent, or a person *under any other legal disability*." Section 13–81–101(3), C.R.S. (1985 Cum. Supp.) (emphasis added). There exists a statutory scheme for the determination of a legal disability. *See* § 15–14–101, C.R.S. *See also* § 27–10–125, C.R.S. (1985 Cum. Supp.). Under these statutes, in order for a person to be deemed "under a disability" for purposes of the above tolling statute, an interested person must petition the court for a specific finding as to the existence of a legal disability.

■ Here, although petitioner asserts that he was mentally incompetent or otherwise under disability immediately after the injury, there has as yet been no adjudication by a court of competent jurisdiction of any disability. Thus, petitioner is not a "person under disability" so as to trigger application of the tolling statute.

Although we affirm the dismissal of the petition to reopen, we do not here foreclose the possibility that claimant may obtain a legal adjudication and appointment of a legal representative, and again petition to reopen.

Order affirmed.

TURSI and BABCOCK, JJ., concur.