Frank S. MARTINEZ, et al., Plaintiffs,

v.

COUNTY OF EL PASO, David Reisman, and Lee Doll, Defendants.

Civ. A. No. 86–C–1944.

United States District Court, D. Colorado.

Nov. 24, 1987.

Christopher A. Miranda, Gerash, Robinson, Miller and Miranda, P.C., Denver, Colo., for plaintiffs.

L. Dan Rector, Colorado Springs, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiffs in this action are Frank S. and Martha Martinez, and their children, Frank Jr., Martha Jr., Matthew and Jessica Martinez. Defendants are the County of El Paso and County Sheriffs David Reisman and Lee Doll. Defendants have moved for summary judgment on the ground that this action is barred because the plaintiffs failed to give timely written notice of their claim pursuant to the Colorado Governmental Immunity Act, C.R.S. § 24–10–109 (Repl.1982). Plaintiffs have responded by opposing the motion. The parties have fully briefed the issues and oral argument would not materially assist my decision.

In their response, the plaintiffs contend that § 24–10–109 is inapplicable because their "first, second, third, fourth, fifth, sixth, seventh, eighth and tenth claims are against the individual officers and also assert claims based upon 42 U.S.C. §§ 1983, 1985 and 1988...."

I have carefully examined the plaintiffs' amended complaint. Plaintiffs have described their several claims as follows: civil rights violation against individual defendants based on 42 U.S.C. § 1983 (First Claim); conspiracy to violate civil rights by the defendants Doll and Reisman under 42 U.S.C. § 1985 (Second Claim); civil rights violation against the defendant County (Third Claim); assault (Fourth Claim); battery (Fifth Claim); false arrest and imprisonment (Sixth Claim); negligent infliction of emotional distress (Seventh Claim); extreme and outrageous conduct (Eighth Claim); malicious prosecution (Ninth Claim); negligence (Tenth Claim); and vicarious liability for negligence against the defendant County (Eleventh Claim). Nowhere do the plaintiffs assert in the amended complaint that their Fourth through Eighth and Tenth Claims are based on alleged federal constitutional violations. In fact, the plaintiffs state that all claims except the First through Third Claims are based on pendent state claim jurisdiction. Amended Complaint, para. 1.

■ The Colorado Governmental Immunity Act does not apply to claims based on federal civil rights violations. *Miami Int'l Realty v. Town of Mt. Crested Butte*, 579 F.Supp. 68, 77 (D.Colo.1984). Defendants' summary judgment motion is denied as to the plaintiff's First, Second and Third Claims.

■ I must conclude, however, that the remainder of the plaintiffs' claims are state claims subject to C.R.S. § 24–10–109. Plaintiffs were required to give notice of these claims within 180 days after the date of the discovery of the injury as a condition precedent to filing suit. § 24–10–109. The notice letter here is dated October 22, 1985.

As to all claims except the Ninth Claim for malicious prosecution, the actionable events appear to have occurred on or about December 31, 1984. Plaintiffs' notice letter, dated October 22, 1985, clearly is beyond the 180 day time limitation.

■ In their responsive brief, the plaintiffs assert, absent affidavits or other supporting documents, that the action on behalf of their minor children should not be dismissed because the notice provision is inapplicable to persons under a disability of minority. *Antonopoulos v. Town of Telluride*, 187 Colo. 392, 532 P.2d 346 (1975), supports this position where a minor gives

notice and sues by his or her parents as next friends and natural guardians. *Id.,* 532 P.2d at 350. Plaintiffs' amended complaint, however, does not indicate clearly the minority status of the children. The caption of the amended complaint states that the children's action is brought by "their best friends and parents."

I find and conclude that the Fourth through Eighth and Tenth and Eleventh Claims must be dismissed with prejudice as to the plaintiffs Frank S. and Martha Martinez for failure to give timely notice as required under § 24–10–109. These claims are dismissed without prejudice as to the Martinez children subject to the filing of an amended complaint within twenty days to cure the indicated pleading deficiencies.

█ The Amended Complaint indicates that the Ninth Claim, for malicious prosecution, has been filed on behalf of all plaintiffs based on the events that allegedly occurred December 31, 1984. Plaintiffs' responsive brief, however, states that this claim is filed on behalf of the plaintiff Frank Martinez and did not arise until he was acquitted of certain criminal charges on July 23, 1985. Because of the cited inconsistencies, I find and conclude that the Ninth Claim also should be dismissed without prejudice subject to the plaintiffs' amending their complaint to clearly state the party for whom this claim is brought and pleading sufficient facts to support the claim's elements and to avoid the bar of § 24–10–109.

Counsel are advised that this court looks with disfavor on "shotgun" pleadings. Plaintiffs' counsel is directed to redraft the complaint with Rule 11, Fed.R.Civ.P. in mind, and include only those claims that can be factually supported on behalf of the particular parties for whom claims can be asserted.

Accordingly, it is ORDERED that:

(1) Defendants' summary judgment motion is denied as to the First, Second and Third Claims;

(2) Defendants' summary judgment motion is granted as to the Fourth through Eighth, plus the Tenth and Eleventh Claims asserted by Frank and Martha Martinez, and these claims are dismissed with prejudice;

(3) Defendants' summary judgment motion is denied as to all other claims;

(4) Plaintiffs' Fourth through Eighth Claims and Tenth and Eleventh Claims as to the allegedly minor plaintiffs, and the Ninth Claim, are dismissed without prejudice subject to the plaintiffs filing an amended complaint in this action within twenty days;

(5) Plaintiffs shall have twenty days from the date of this Order to file a proper Second Amended Complaint that complies with all rules; if no such pleading is filed, the defendants may move to dismiss, the remaining state claims with prejudice. Since this will be the third attempt to file a proper complaint, counsel are on notice that failure to comply with the rules governing proper pleading will probably result in dismissal with prejudice rather than an opportunity to file a fourth version of the complaint. This court's time for dealing with such matters is severely limited, and this case has already used more than its fair share.