**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID W. VEREN,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE;
HARLEY G. LAPPIN, Director,
Federal Bureau of Prisons; MARY
HERNDON, Administrator, U.S.
Marshal Service; MONA SMITH, ISM
Officer, Federal Correctional
Institution Florence; FNU TSUDA,
Staff Doctor, Federal Correctional
Institution, Englewood; FNU KRAUS,
Staff Doctor, Federal Correctional
Institution, Englewood; MARK
IPPOLITO, Health Services
Administrator, F.D.C., Englewood,

      Defendants - Appellees.

No. 14-1157
(D.C. No. 1:13-CV-00235-RM-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Four years after the statute of limitations expired, David Veren filed suit seeking damages from prison officials. The district court dismissed his claims as barred by the statute. Mr. Veren now asks us to overturn that result. He points primarily to the fact the limitations period for his suit may be statutorily tolled for persons "under disability." Colo. Rev. Stat. § 13-81-103. He says he was disabled within the meaning of the statute for a considerable time and as a result his lawsuit should be treated as timely filed.

Like the district court before us, we cannot agree. To invoke the applicable statutory tolling provision successfully a petitioner must show either that he was "mentally incompetent" or under a "legal disability" with no legal guardian. *See id.* § 13-81-101(3). But this Mr. Veren has failed to do. Mr. Veren claims that he suffered from (among other things) an affective disorder and clinical depression. But under Colorado law such conditions generally are not sufficient to establish mental incompetence. *See id.* § 27-10.5-135; *Southard v. Miles*, 714 P.2d 891, 898-99 (Colo. 1986) (noting that the term suggests a disorder that "grossly impairs judgment or capacity to recognize reality or to control behavior" (quoting Colo. Rev. Stat. § 27-10-102(7)). Neither has Mr. Veren been declared by a court to be under a legal disability. *See James v. Brookhart Lumber Co.*, 727 P.2d 1119, 1121 (Colo. App. 1986) ("[I]n order for a person to be deemed 'under a disability' . . . [he] must petition the court for a specific finding as to the

existence of a legal disability."). To be sure, Mr. Veren claims that he was legally disabled because the Social Security Administration deemed him disabled for purposes of the Social Security Act. But to be found disabled under that Act, a person need only show that he's incapable of "substantial gainful activity" — a standard different than that found in Colorado's statutory tolling provision. *See* 42 U.S.C. § 423(d)(2)(A).

Lacking a basis for statutory tolling, Mr. Veren seeks equitable tolling. But under that doctrine the statute of limitations may be tolled only if "truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996)). We fail to see how Mr. Veren can satisfy that test. During the period in question he filed a request for an administrative remedy and notified one of the defendants about alleged illegal behavior. It does not appear that any extraordinary circumstances prevented him from also timely filing the complaint he has filed now.

The judgment is affirmed and the motion to proceed on appeal *in forma pauperis* is denied.  Mr. Veren is reminded that he must pay the filing fee in full.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge