**Jones v. Dayton Bd. of Edn.**
*[Cite as 7 AOA 56]*

*Case No. 11933*
*Montgomery County, (2nd)*
*Decided October 3, 1990*

*Howard P. Krisher, 400 Gem Plaza, Third and Main Streets, Dayton, Ohio  45402-1908, for Defendant-Appellee, Dayton Board of Education.*

*Alvarene N. Owens, 1101 Salem Avenue, Dayton, Ohio 45406 and Nwabueze u. Okocha, 650 Rockefeller Building, .614 Superior Avenue, Cleveland, Ohio  44113, for Plaintiffs-Appellees.*

*Gregory T. Scott, 111 West First Street, Suite 523, Dayton, Ohio  45402, for Defendant-Appellee Eddie Slaughter.*

*Robin Freeman and Robert A. Burke, P.O. Box 1488, Springfield, Ohio 45501-1488 and John Petzold, 900 Talbott Tower, Dayton, Ohio  45402, for Defendant-Appellee Miami Liberty Cab Co..*

GRADY, J.

I
*FACTS*

This appeal arises from an action brought in the Common Pleas Court by plaintiffs-Appellants Mary Jones, mother and guardian of Karen Jones, against Defendants-Appellants Dayton Board of Education, Miami Liberty Cab Company, and Eddie Slaughter. The Complaint was filed October 22, 1987. It alleged that on November 16, 1986, Karen Jones, a blind and multiple handicapped student of the Dayton Public School System, had been sexually assaulted by Eddie Slaughter, a taxi cab driver under contract to Miami Liberty Cab Company, while he was transporting Karen Jones to the Ohio State School for the Blind in Columbus, Ohio, under and according to a contract agreement between Miami Liberty Cab Company and the Dayton Board of Education. The Complaint further alleged that as a result of the assault Karen Jones gave birth to a child. The Complaint demanded that Mary Jones, Karen Jones and the child, be compensated for expenses of a medical and psychological nature as well as for the cost of maintaining Karen Jones and her minor child, and for related expenses.

On December 22, 1988, Appellants moved to amend their Complaint to add additional claims for relief based upon a violation of civil rights. On January 12, 1989, the court sustained that motion, and on January 13, 1989, the Amended Complaint containing those additional allegations and claims for relief were filed.

On January 13, 1989, Plaintiffs, with the prior leave of court, filed their first amended complaint, adding to their cause of action allegations and claims based on 42 U.S.C. Section 1983, Deprivation of Civil Rights Under Color of Law.

On January 25, 1989, Plaintiffs filed a motion to amend their first amended complaint to properly reflect the full names and identities of all parties plaintiff. On January 31, 1989, the court denied the motion to amend. On February 1, 1989, Appellants renewed their motion. By Decision and Entry filed February 3, 1989, the court reserved its decision on the motion, indicating to counsel for Appellants its approval was conditioned upon a reformation of the complaint to conform to the provisions of Civ. R. 8 concerning brevity and plainness. The court observed that: "The tendered second amended complaint is replete with superfluous and unnecessary allegations, conclusions of law, and is generally so verbose as to be difficult to comprehend." The court indicated that it would review the tendered second amended complaint to determine if it conformed with the court's directions, and that failure to conform might result in denial of leave to amend.

Appellants tendered their second amended complaint to the court. By Entry filed March 16, 1989, the court stated:

"The Court has carefully reviewed this document and concludes that there has been little, if any, compliance with the Decision and Entry of this Court of February 3, 1989. While it certainly is not the province of the Court to draft pleadings for parties, be they plaintiff or defendant, in the interests of justice and judicial economy, the Court has carefully examined and excised that material in the tendered Second Amended Complaint which does not conform to the Civil Rules. A copy of this edited document is enclosed with this Decision and Entry.

"If counsel for Plaintiffs desires to pursue this litigation any further, they are instructed to prepare a Second Amended Complaint in accordance with the edited copy enclosed, provided it is tendered to the Court within 14 days after this Decision and Entry is served and journalized. If counsel declines to follow the instructions of the Court, the Court will consider the dismissal of this action for want of prosecution."

On February 10, 1989, Appellants tendered a Second Amended Complaint in compliance with the court's directions. The document contained numerous excisions in the form made by the court.

Motions for summary judgment were filed by Dayton Board of Education, Miami Liberty Cab Company, and Mary Jones. The court denied the motions of Miami Liberty Cab Company and Mary Jones as not well taken on any of the

issues raised. The court found in favor of the Dayton Board of Education upon the single issue argued in its motion; that the action against the Dayton Board of Education is barred as a matter of law pursuant to R.C. 2744.02, the Political Subdivision Tort Liability Act. The court found that the Dayton Board of Education is a political subdivision and was engaged in performing a governmental function at the time of the act alleged; that is, it was providing a system of public education and is immune from liability because its actions did not fall with any of the exceptions provided in the statute.

The court's decision on all motions for summary judgment was entered November 8, 1989. The court found, pursuant to Civ. R. 54(B), no just reason for delay in resolving the determinations made. Mary Jones filed a notice of appeal from the judgments of the court on December 4, 1989. A second 54(B) order was filed December 4, 1989. A Notice of Appeal was thereafter filed by Miami Liberty Cab Company on January 2, 1990. The matter is now before the court upon assignments of error brought by Mary Jones and Miami Liberty Cab Company.

II.

*REFORMATION OF THE COMPLAINT.*

Plaintiff-Appellant Mary Jones alleges error on the part of the trial court in its orders of February 3, and March 16, 1989, allowing her to file a Second Amended Complaint only after certain matters were stricken from the proposed pleading.

Civ. R. 15(A) provides that, after a responsive pleading has been served, a party plaintiff may amend his pleading only by leave of court or by written consent of the adverse party. The Rule provides that leave of court shall be freely given when justice so requires. This liberal amendment provision has been held to reflect two policies:

"First, a liberal amendment policy provides the maximum opportunity for each claim to be decided on the merits rather than on procedural deficiencies.

"Second, the Rule reflects the fact that the pleadings are assigned the limited role of providing the parties to a lawsuit with *notice* of the nature of the pleader's claim or defense. Discovery is available to paint a more detailed picture of the facts and issues. See, also, *Foman v. Davis* (1962), 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed. 2d 222."

*Hoover v. Sumlin* (1984), 12 Ohio St. 3d 1, 5, quoting Wright & Miller, Federal Practice and Procedure (1971), 359, Section 471. Grant or

denial of leave to amend a pleading is within the sound discretion of the trial court. Where the pleading is tendered timely and in good faith, and no reason is apparent or disclosed for denying leave, the denial of leave to file such an amended pleading or the subsequent striking of matter from an amended pleading is an abuse of discretion. *Hoover v. Sumlin, supra, Peterson v. Teodosio* (1973), 34 Ohio St. 2d 161, 297 N.E. 2d 113.

In making its orders the trial court observed that the "amendments now sought to the Complaint should never have been required had the complaint been properly drafted in the first instant, and certainly not after a delay of sixteen months". (Decision and Entry, February 3, 1989). The court then went on to recite its concern that the pleadings in the Second Amended Complaint were inconsistent with Civ. R. 8, finding the "tendered Second Amended Complaint is replete with superfluous and unnecessary allegations, conclusions of law, and is generally so verbose as to be difficult to comprehend." The court then gave the plaintiffs an opportunity to reform the Complaint to meet the court's concerns.

It appears from the record that Plaintiffs-Appellants failed to conform to the court's requirements. In the later Decision and Entry of March 16, 1989, the court edited the proffered Second Amended Complaint by striking from it a number of paragraphs and part-paragraphs. Plaintiffs-Appellants then filed that document in the form as edited.

The numerous changes made by the trial court through its editing process removed a number of superfluous matters from the pleadings. However, the court also removed entirely all allegations in support of Plaintiffs-Appellants' claim for relief brought pursuant to 42 U.S.C. Section 1983.

The parties are usually afforded great latitude in framing their allegations, claims for relief, and defenses. Under modern pleading rules the primary intent of the pleading stage is to provide notice of the pleaders' claims or defenses. Factual determination, issue narrowing, and elimination of frivolous matters are now largely accomplished by discovery, pretrial conferences, and summary judgment. However, when the court is asked leave to amend a pleading already filed, the court has broader discretion to deny leave or control its use. The court may restrict the requested change on a finding that it would seriously impair the progress or course of the litigation. The court may thus deny leave to amend pursuant to Civ. R. 15(A). It may also, on its own motion, "order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." Civ. R. 12(F).

Though the trial court's action had a significant effect upon the case of Plaintiffs-Appellants, we conclude that the trial court did not abuse its discretion in striking certain pleadings. The court observed that the claim for relief could have been included in the original complaint filed sixteen months earlier. Further, it is clear that the Plaintiffs-Appellants wholly ignored the orders of the trial court to reform their pleadings to present them as a plain and direct statement of their claim for relief, as required by Civ. R. 8. Under those circumstances, and because the court clearly explained the reasons for its action, we cannot find that the court's actions constitute an abuse of discretion under the rule of *Hoover v. Sumlin, supra.*

The assignment of error will be overruled.

III
### *SUMMARY JUDGMENT IN FAVOR OF DAYTON BOARD OF EDUCATION.*

In its Decision and Entry granting summary judgment to the Dayton Board of Education, the trial court found that the Dayton Board of Education is a political subdivision and was performing a governmental function at the time of the alleged incident, that is, providing a system of public education. The court also found that the Dayton Board of Education does not fall within any of the exceptions provided by R.C. Chp. 2744 because Eddie Slaughter was not an employee of the Board, which exercised no control over him. The court concluded that by reason of the operation of R.C. 2744.02 the Dayton Board of Education was immunized from the common law tort claim brought by Plaintiffs and it granted summary judgment to the Board.

In *Mosley v. Dayton City School District* (July 6, 1989), Montgomery App. No. 11336, unreported, this court found that the Dayton City School District and School Board were political subdivisions as defined by R.C. Chp. 2744 and thus entitled to immunity under the provisions under that statute. The same facts and considerations apply in the case now before us. Thus, we find that the trial court did not err in finding that Defendant-Appellee Dayton Board of Education was immunized under the provisions of that statute from the claims brought by Plaintiff-Appellant.

Plaintiffs-Appellants have set up a number of assignments of error claiming that the trial court erred in granting summary judgment to the Dayton Board of Education because R.C. Chp. 2744 has no application to a claim brought pursuant to federal law. In particular, they rely on their claims for relief brought pursuant to 42 U.S.C. Section 1983, though they also allege general federal constitutional provisions concerning right of privacy and equal protection.

We agree that state governmental immunity statutes do not apply to claims based on federal civil rights violations, particularly those brought pursuant to Section 1983 which require a showing of state action. *Felder v. Casey* (1988), 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed. 2d 123. *Martinez v. El Paso County* (1987 D. Colo.) 673 F. Supp. 1030. *Watson v. McGee* (1981 D.C. Ohio) 527 F. Supp. 234. However, those matters were not before the court at the time it granted summary judgment. The only claims for relief before the court were in the original Complaint filed October 22, 1987, which were based entirely on common law tort theories and contained no claims for relief brought pursuant to federal law. Therefore, Plaintiffs-Appellants' arguments concerning the application of 42 U.S.C. Section 1983 and other provisions of federal constitutional and statutory law in opposition to the summary judgment are not well made.

Plaintiffs-Appellants also allege liability on the part of the Dayton Board of Education in its failure to comply with the requirements of 84 Stat. 175, as amended, 20 U.S.C. Sections 1400 et seq. Those provisions, the Education of All Handicapped Children Act, require that the states identify all handicapped children and provide them with free appropriate public education, including special education and related services designed to meet their unique needs, and to assure that the rights of handicapped children and their parents or guardians are protected. In Ohio, the State's duties under the Act have been delegated to local boards of education pursuant to R.C. Chp. 3233. Those provisions have been construed to provide that "related services" includes the transportation necessary to assist a handicapped child to benefit from special education, including transportation outside the school district of his residence. 1978 Ohio Atty. Gen. Ops. No. 026.

Plaintiff-Appellant alleges that the Dayton Board of Education breached the duty it owed Karen Jones under the foregoing provisions by failing to provide her safe transportation. We do not agree. While there may be a basis for a federal claim in this concept, particularly as regards equal protection of the law, those matters have not been included in the Complaint on which the court granted summary judgment. The remaining bases in state law do not constitute a duty breached by the Board of Education by reason of the sexual assault performed by its contractor, Eddie Slaughter. The purposes of Ohio's Act are to meet the federal requirements concerning education of handicapped students and do not impose any special or particular duty concerning safety that was breached by Slaughter's crime. Furthermore, the facts presented to the court in support of and in opposition to the motions for summary judgment support the court's conclusion that the assault was simply not foreseeable to the Dayton Board of Education when it made its transportation arrangements with Miami Liberty Cab Company.

We conclude that the trial court did not err in finding that as to the Dayton Board of Education there was no question as to any material fact and that as a matter of law the Board was entitled to immunity under R.C. 2744.02. The various assignments of error brought by Plaintiffs-Appellants in respect to that matter will be overruled.

## IV
### *SUMMARY JUDGMENTS DENIED*

Cross-Appellants Eddie Slaughter and Miami Liberty Cab Company have each assigned the same error; that the trial court erred in finding that its denial of their respective motions for summary judgment were final, appealable orders as defined by R.C. 2505.02 and that as to those orders there was no just reason for delay as provided by Civ. R. 54(B).

R.C. 2505.02 provides in pertinent part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

The denial of a motion for summary judgment does not determine an action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02, *State. ex rel. Overmeyer v. Wallinsky* (1966), 8 Ohio St. 2d 23, *Celebrezze v. Netzley* (1990), 51 Ohio St. 3d

89. Further, the trial court's use of Civ. R. 54(B) language in its order does not turn an otherwise non-final order into a final appealable order. *Noble v. Colwell* (1989), 44 Ohio St. 3d 92.

The court's order denying the motions for summary judgments of the two Cross-Appellants was not made in a special proceeding. *General Accident Insurance Co. v. Insurance Company of North America* (1989), 44 Ohio St. 3d 17. *Amato v. General Motors Corporation* (1981), 67 Ohio St. 2d 253. The court's orders were made in "a straightforward civil action," *Noble v. Colwell, supra,* 44 Ohio St. 3d at 94, and no elements of that action constitute any form of "special proceeding" by virtue of any interest involved.

*Celebrezze v. Netzley, supra,* 44 Ohio St. 3d at 1294.

We find that the orders of the trial court denying their respective motions for summary judgment of Cross-Appellants Eddie Slaughter and Miami Liberty Cab Co. were not final appealable orders, and we sustain the assignments of error presented by each of those parties.

### V
### CONCLUSION

For the reasons stated in our opinion, the decision of the trial court granting summary judgment to the Dayton Board of Education is affirmed. The decisions of the trial court finding the denial of summary judgment requested by Eddie Slaughter and Miami Liberty Cab Company to be final, appealable orders are, to that extent, reversed and vacated. The matter is remanded to the trial court for further proceedings.

WILSON, J., and BROGAN, J., concur.